IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL CREDIT COUNSELING              *
SERVICES, INC.
2101 Park Center Drive, Suite 330
Orlando, Florida  32835

          Plaintiff                      *

v.                                      *   Civil Action No:

UNITED STATES OF AMERICA                *
555 Fourth Street, N.W.
Washington, D.C.  20530

Serve on:
Jeffrey A. Taylor
United States Attorney for the
  District of Columbia
555 Fourth Street, N.W.
Washington, D.C.  20530

          Defendant                      *

  *    *    *    *    *    *    *    *    *    *    *

## COMPLAINT FOR DECLARATORY JUDGMENT (26 U.S.C. SECTION 7428)

COMES NOW THE PLAINTIFF National Credit Counseling Services, Inc. (the "Plaintiff"), by and through its undersigned counsel, and hereby files this Complaint for Declaratory Judgment (26 U.S.C. § 7428) (the "Complaint") seeking declaratory judgment against the Defendant, the United States of America (the "Defendant"), and further alleges as follows:

## THE PARTIES

1.    The Plaintiff is a nonstock corporation, organized under and by virtue of the laws of the State of Maryland, with its principal place of business located at 2101 Park Center Drive,

organized and operated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational purposes, no part of its net earnings inures to the benefit of any private shareholder or individual, no substantial part of its activities is the carrying on of propaganda, or otherwise attempting, to influence legislation (except as otherwise provided in Code Section 501(h)), and it does not participate in, or intervene in, any political campaign on behalf of (or in opposition to) any candidate for public office.

9.      In 1993, the Plaintiff petitioned the IRS for recognition of tax-exempt status under Code Section 501(a) as an organization described in Code Section 501(c)(3) by filing a substantially complete Form 1023, Application for Recognition of Exemption (the "Application"), with the IRS, as required.

10.      The IRS issued a favorable determination letter (dated April 12, 1993) to the Plaintiff recognizing the Plaintiff as being exempt from federal income tax under Code Section 501(a) as an organization described in Code Section 501(c)(3) (the "Determination Letter").

11.      In late 1996 and early 1997, the IRS conducted an examination of the Plaintiff's Form 990 (Return of Organization Exempt from Income Tax) for the tax year ending December 31, 1993.  The IRS did not issue any changes or adverse determinations to the Plaintiff with regard to that examination.

12.      The IRS issued a final determination letter (dated March 18, 1997) to the Plaintiff stating that the Plaintiff's exempt status under Code Section 501(a) as an organization described in Code Section 501(c)(3) was still in effect (the "Final Determination Letter").  Attached as **Exhibit A** hereto is a copy of the Final Determination Letter.

13.      In April of 2003, the IRS notified the Plaintiff that the IRS would be conducting an examination of the Plaintiff's Form 990 for the tax year ending December 31, 2001.

3

Suite 330, Orlando, Florida, 32835.

2.      The Defendant is the United States of America in respect of certain actions of the Internal Revenue Service, which is a federal bureau within the Department of the Treasury (the "IRS"), with its principal place of business located at 1111 Constitution Avenue, N.W., Washington, D.C., 20224.

## JURISDICTION AND VENUE

3.      This is an action for a declaratory judgment for the purpose of determining a question of actual controversy involving a determination by the IRS with respect to the initial qualification or continuing qualification of an organization as an organization described in 26 U.S.C. § 501(c)(3) which is exempt from tax under 26 U.S.C. § 501(a).

4.      The United States District Court for the District of Columbia has original jurisdiction over the parties and the subject matter hereof pursuant to 28 U.S.C. § 1346(e), 28 U.S.C. § 2201, and 26 U.S.C. § 7428.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1402(c).

6.      There is now existing between the parties hereto an actual, justiciable controversy in respect to which the Plaintiff is entitled to a declaration of its rights and further relief because of the facts, conditions and circumstances hereinafter set forth.

## BACKGROUND FACTS

7.      The Plaintiff was formed on or about December 18, 1992, as a Maryland nonstock corporation, and was organized for one or more purposes specified in Section 501(c)(3) of the Internal Revenue Code of 1986, as amended (the "Code").

8.      An organization can qualify to be exempt from taxation under Code Section 501(a) as an organization described in Code Section 501(c)(3), if it is an organization that is

2

14.    The IRS subsequently notified the Plaintiff that the examination would be expanded to include the Plaintiff's Form 990 for each of the tax years ending December 31, 2000 and 2002.

15.    The IRS prepared an examination report containing its findings from the examination of the Plaintiff's Form 990 for each of the tax years ending December 31, 2000, 2001 and 2002.

16.    By letter dated January 15, 2005, the IRS provided a copy of its examination report (for tax years ending December 31, 2000, 2001 and 2002) explaining why the IRS believed the Plaintiff's tax-exempt status should be revoked beginning January 1, 2000 (the "30 Day Letter").

17.    On March 14, 2005, the Plaintiff, through its representative, filed a timely protest to the 30 Day Letter and requested a conference with the IRS Appeals Office. The Plaintiff's protest to the 30 Day Letter set forth the reasons why the IRS's conclusions in the 30 Day Letter were erroneous, and the factual basis and legal support for the conclusion that Plaintiff's tax-exempt status under Code Section 501(a) as an organization described in Code Section 501(c)(3) should be maintained for each of the years under examination.

18.    On November 29, 2005, the Plaintiff, through its representatives, conducted a conference with Mr. Sanford Robbins, Appeals Officer, of the IRS Appeals Office to discuss the Plaintiff's protest to the 30 Day Letter.

19.    On September 3, 2006, the IRS issued a letter to the Plaintiff stating that the IRS had determined that the Plaintiff no longer was recognized as exempt from Federal income tax under Code Section 501(c)(3), effective January 1, 2000 (the "90 Day Letter"). The 90 Day Letter states that the adverse determination was made for the following reasons: "[The Plaintiff

is] not operated exclusively for charitable, educational or other exempt purposes. [The Plaintiff] did not engage primarily in activities which accomplish one or more exempt purposes specified in section 501(c)(3). More than an insubstantial part of [the Plaintiff's] activities were in furtherance of a non-exempt purpose, and [the Plaintiff was] operated for the purpose of serving a private benefit rather than public interests."

20.    The Plaintiff has exhausted its administrative remedies within the IRS as required by Code Section 7428(b)(2).

21.    An actual controversy exists between the Plaintiff and the Defendant, as required by Code Section 7428(a)(1), in that the Plaintiff maintains, and the IRS denies, that the Plaintiff qualifies as an organization entitled to recognition of exemption from Federal income tax pursuant to Code Section 501(a) as an organization described in Code Section 501(c)(3).

22.    The Plaintiff was organized, and during the tax years under examination was operated, to provide members of the general public with financial education (on subjects such as family finances, budgeting and the sound use of consumer credit), credit counseling, budget planning and related educational support.

23.    During the tax years under examination, as an adjunct to its counseling services, the Plaintiff also offered a debt management program to financially distressed individuals and families who qualified for and were interested in that service. In addition to credit counseling and education services, the Plaintiff's debt management program helped debt-distressed consumers structure plans for the orderly repayment of debt obligations by creating monthly payment schedules and helped to facilitate such consumers' scheduled payments under those plans.

24.    During the tax years under examination, the Plaintiff distributed and made available educational materials and programs to help consumers better handle their personal and family financial affairs.

25.    During the tax years under examination, the Plaintiff engaged in other educational and financial counseling activities, including extensive preparatory work and research on educational and counseling programs for financially distressed consumers that would be needed in connection with the then anticipated federal bankruptcy reform legislation, and mortgage and foreclosure intervention counseling.

26.    During the tax years under examination, the Plaintiff also furthered its tax-exempt purposes by providing funds to its tax-exempt, supporting organization which helped to fund the creation of additional educational materials and programs focused on financial literacy and related matters for consumers, and the distribution and delivery of such materials and programs to consumers.

27.    During the tax years under examination, the Plaintiff was engaged in activities which accomplished exempt purposes under Code Section 501(c)(3).

28.    The Plaintiff's activities and operations during the tax years under examination were conducted substantially in accordance with the activities and operations described in the Application, which was the basis upon which the IRS recognized the Plaintiff as a tax-exempt organization under Section 501(c)(3) of the Code pursuant to the Determination Letter, which determination by the IRS subsequently was confirmed in the Final Determination Letter.

29.    To the extent that Plaintiff's activities changed in relation to those described in the Application, such changes were in furtherance of Plaintiff's educational and charitable purposes

and, where appropriate, were reported to the IRS on Form 990, all without prompting IRS scrutiny or disagreement.

30.    The Plaintiff was organized, and during the tax years under examination was operated, exclusively for charitable and educational purposes. Further, no part of the Plaintiff's net earnings has inured to the benefit of any private individual, no substantial part of the Plaintiff's activities has been the carrying on of propaganda or otherwise attempting to influence legislation, and the Plaintiff has not participated in or intervened in any political campaigns on behalf of or in opposition to any candidate for public office.

31.    During the tax years under examination, the Plaintiff acted independently and was not controlled by any third party with regard to its operations and activities.

32.    During the tax years under examination, contracts and agreements between the Plaintiff and third parties whereby third parties provided goods or services to Plaintiff were fair and reasonable, reflected a market rate for services rendered, were negotiated independently and at arms-length, and did not provide any impermissible private benefit. Any amounts paid by the Plaintiff in regard to such contractual arrangements were incidental to the accomplishment of the Plaintiff's tax-exempt purposes.

33.    To the extent that any of Plaintiff's activities furthered non-exempt purposes, no more than an insubstantial part of the Plaintiff's activities were in furtherance of non-exempt purposes.

34.    During the tax years under examination, the Plaintiff was operated to serve public purposes, and not a private purpose.

## COUNT – DECLARATORY JUDGEMENT

35.    Plaintiff hereby incorporates by reference paragraphs 1 through 34 of the

Complaint as if fully set forth herein.

36.    Under 28 U.S.C. § 2201 of the Declaratory Judgment Act and 26 U.S.C. § 7428, this Court is empowered to issue a declaratory judgment recognizing that an organization qualifies as an organization entitled to recognition of exemption from federal income tax pursuant to Code Section 501(a) as an organization described in Code Section 501(c)(3).

37.    The 90 Day Letter describing the basis for the IRS's adverse determination is incorrect and not even supported by the administrative record.  Indeed, the Plaintiff, during the years under examination:  (i) operated exclusively for charitable, educational or other exempt purposes; (ii) engaged primarily in activities which accomplish exempt purposes specified in Code Section 501(c)(3); (iii) to the extent that any of Plaintiff's activities furthered non-exempt purposes, no more than an insubstantial part of the Plaintiff's activities were in furtherance of non-exempt purposes; and (iv) the Plaintiff was operated to serve public purposes, and not a private purpose.

38.    The IRS's determination to revoke the Plaintiff's exempt status under Code Section 501(a) as an organization described in Section 501(c)(3) is arbitrary, unreasonable, and an invalid administrative action.

39.    The IRS's position in this matter is not substantially justified (within the meaning of Code Section 7430).

40.    The 90 Day Letter was issued in error.

41.    The Plaintiff is exempt from federal income tax under Code Section 501(a) as an organization described in Code Section 501(c)(3) for tax years ending December 31, 2000, 2001 and 2002.

42.    The Plaintiff is exempt from federal income tax under Code Section 501(a) as an

organization described in Code Section 501(c)(3) for tax years beginning after December 31, 2002.

43.     The Plaintiff is entitled to the relief requested because it has exhausted all of its administrative remedies available to it within the IRS.

44.     Pursuant to Code Section 7430, the Plaintiff is entitled to reasonable administrative costs incurred in connection with the administrative proceedings within the IRS relating to the examination of the Plaintiff, including reasonable attorneys' fees, costs and expenses.

45.     Pursuant to Code Section 7430, the Plaintiff is entitled to reasonable litigation costs, including reasonable attorneys' fees, costs and expenses, incurred in the prosecution of this action.

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that this Honorable Court enter an Order:

A.     Declaring that the 90 Day Letter was issued in error;

B.     Declaring that the Plaintiff is exempt from federal income tax under Code Section 501(a) as an organization described in Code Section 501(c)(3) for tax years ending December 31, 2000, 2001 and 2002;

C.     Declaring that the Plaintiff's tax-exempt status under Code Section 501(a) as an organization described in Code Section 501(c)(3) is in effect after December 31, 2002;

D.     Awarding the Plaintiff reasonable administrative costs, including reasonable attorneys' fees, costs and expenses, incurred in connection with the administrative proceeding within the IRS relating to the examination of the Plaintiff;

E.     Awarding Plaintiff reasonable litigation costs, including reasonable attorneys'

fees, costs and expenses, incurred in the prosecution of this action; and

   F.      Awarding the Plaintiff such other and further relief as this Court deems just and

proper.

                                          Respectfully submitted,

Dated: November 28, 2006                  _____
                                          Gary S. Posner  (Bar I.D. No. MD05863)
                                          Whiteford, Taylor & Preston L.L.P.
                                          7 Saint Paul Street
                                          Baltimore, Maryland  21202-1626
                                          (410) 347-8700

Dated: November 28, 2006                  _____
                                          Jonathan Z. May (Bar I.D. No. 495031)
                                          Robert D. Earle (Bar I.D. No. 449012)
                                          Whiteford, Taylor & Preston L.L.P.
                                          20 Columbia Corporate Center
                                          10420 Little Patuxent Parkway, Ste. 495
                                          Columbia, Maryland 21044-3528

                                          Attorneys for Plaintiff,
                                           National Credit Counseling Services, Inc.

# EXHIBIT A

INTERNAL REVENUE SERVICE                     DEPARTMENT OF THE TREASURY
DISTRICT DIRECTOR
P. O. BOX 2508
CINCINNATI, OH   45201

Date: MAR 1 8 1997                  Employer Identification Number:
                                        52-1799746
                                    DLN:
NATIONAL CREDIT COUNSELING SERVICES     17053067750007
C/O WILLIAM M DAVIDOW               Contact Person:
WHITEFORD TAYLOR & PRESTON LLP          D. A. DOWNING
7 ST PAUL ST                        Contact Telephone Number:
BALTIMOR, MD   21202                    (513) 684-3957
                                    Our Letter Dated:
                                        April 12, 1993
                                    Addendum Applies:
                                        No


Dear Applicant:

     This modifies our letter of the above date in which we stated that you
would be treated as an organization that is not a private foundation until the
expiration of your advance ruling period.

     Your exempt status under section 501(a) of the Internal Revenue Code as an
organization described in section 501(c)(3) is still in effect.  Based on the
information you submitted, we have determined that you are not a private
foundation within the meaning of section 509(a) of the Code because you are an
organization of the type described in section 509(a)(1) and 170(b)(1)(A)(vi).

     Grantors and contributors may rely on this determination unless the
Internal Revenue Service publishes notice to the contrary.  However, if you
lose your section 509(a)(1) status, a grantor or contributor may not rely on
this determination if he or she was in part responsible for, or was aware of,
the act or failure to act, or the substantial or material change on the part of
the organization that resulted in your loss of such status, or if he or she
acquired knowledge that the Internal Revenue Service had given notice that you
would no longer be classified as a section 509(a)(1) organization.

     If we have indicated in the heading of this letter that an addendum
applies, the addendum enclosed is an integral part of this letter.

     Because this letter could help resolve any questions about your private
foundation status, please keep it in your permanent records.

     We have sent a copy of this letter to your representative as indicated
in your power of attorney.


                                                Letter 1050 (DO/CG)


EXHIBIT A

-2-

NATIONAL CREDIT COUNSELING SERVICES

If you have any questions, please contact the person whose name and telephone number are shown above.

Sincerely yours,

*District Director*

Letter 1050 (DO/CG)

**EXHIBIT A**

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| **I (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| National Credit Counseling Services, Inc.<br>2101 Park Center Drive, Suite 330<br>Orlando, Florida  32835 | United States of America<br>555 Fourth Street, N.W.<br>Washington, D.C.  20530 |

| | |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___88888___<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___11001___<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Gary S. Posner, Esq.<br>Whiteford, Taylor & Preston L.L.P.<br>7 Saint Paul Street<br>Baltimore, MD  21202-1626 | |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
Plaintiff

○ 3 Federal Question
(U.S. Government Not a Party)

◉ 2 U.S. Government
Defendant

○ 4 Diversity
(Indicate Citizenship of
Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place<br>of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place<br>of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a<br>Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and __one__ in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/*
*Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

◉ **C.** *Administrative Agency*
*Review*

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If
Administrative Agency is Involved)

○ **D.** *Temporary Restraining*
*Order/Preliminary*
*Injunction*

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*    **OR**    ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
defendant
☐ 871 IRS-Third Party 26
USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
Exchange
☐ 875 Customer Challenge 12 USC
3410
☐ 900 Appeal of fee determination
under equal access to Justice
☐ 950 Constitutionality of State
Statutes
☐ 890 Other Statutory Actions (if
not administrative agency
review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

● 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

26 U.S.C. Section 7428; 26 U.S.C. Section 501(a); U.S.C. Section 501(c)(3); 28 U.S.C. Section 1346(e); 28 U.S.C. Section 2201.

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    DEMAND $ [ N/A ]    Check YES only if demanded in complaint    JURY DEMAND: YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE _Nov. 28, 2006_    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.