IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL CREDIT COUNSELING SERVICES, INC. | * | |
| Plaintiff | * | |
| v. | * | Civil Action No: 1:06 CV 02028 RBW |
| UNITED STATES OF AMERICA | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \*

### JOINT MEET AND CONFER STATEMENT

The parties, by their respective counsel, having met in person on March 30, 2007, submit this Joint Meet and Confer Statement in accordance with this Court's Order For Initial Scheduling Conference and General Order and Guidelines for Civil Cases.

### STATEMENT OF FACTS AND STATUTORY BASIS FOR CAUSES OF ACTIONS AND DEFENSE

This is an action for a declaratory judgment to determine whether the plaintiff continued to qualify as an organization described in 26 U.S.C. §501(c)(3), which is exempt from tax under 26 U.S.C. §501(a), during the tax years at issue-- 2000, 2001 and 2002 . 28 U.S.C. §1346(e) provides this Court with jurisdiction over this action.

The plaintiff was formed on December 18, 1992 as a Maryland nonstock corporation. In 1993, the plaintiff applied to the Internal Revenue Service for recognition of status as a tax-exempt entity, and the Internal Revenue Service issued a determination letter recognizing the plaintiff as an organization described in 26 U.S.C. §501(c)(3), which is exempt from federal income tax under 26 U.S.C. §501(a). In March 1997, the Internal Revenue Service issued a letter which stated, *inter alia,* that plaintiff's exempt status under 26 U.S.C. §501(c)(3) remained

in effect; however, the United States asserts that this letter is irrelevant to the instant litigation. Subsequently, the Internal Revenue Service conducted an examination of the plaintiff's 2000 through 2002 tax years to determine whether the recognition of plaintiff's tax-exempt status should be revoked as of January 1, 2000. On September 5, 2006, the Internal Revenue Service issued a letter to the plaintiff in which it determined the plaintiff was not qualified for exemption from federal income tax, effective January 1, 2000.

In this action, the plaintiff seeks a declaration with respect to plaintiff's continuing qualification as an organization described in §501(c)(3). The plaintiff has exhausted its administrative remedies. 26 U.S.C. §7428(a) provides this Court may make a declaration concerning the plaintiff's continuing qualification as an organization described in Section 501(c)(3).

An ancillary legal issue concerns whether the plaintiff, if successful, is entitled to its attorney's fees and costs and its administrative costs. The plaintiff asserts it would be entitled to such fees and costs under 26 U.S.C. §7430.

## **RULE 16 POINTS**

1. Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

The case is not likely to be resolved on dispostive motion early in the case. At this time, no such motion has been filed.

2. The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

The parties do not anticipate additional parties being joined to the case. The parties submit that the pleadings be amended by May 30, 2007. By the time of trial, the parties

anticipate that certain factual issues may be narrowed, but do not anticipate that the legal issues will be narrowed.

3. Whether the case should be assigned to a magistrate judge for all purposes, including trial.

The case should not be assigned to a magistrate judge for all purposes, including trial.

4. Whether there is a realistic possibility of settling the case.

The parties are unable to determine at this time whether there is a realistic possibility of settling the case.

5. Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

   (i) the client's goals in bringing or defending the litigation;

   (ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement;

   (iii) the point during the litigation when ADR would be most appropriate, with special consideration given to:

      (aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

      (bb) whether ADR should take place before or after the judicial resolution of key legal issues;

   (iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

   (v) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

Plaintiff submits that alternative dispute resolution would be appropriate. In particular, Plaintiff believes that an early ADR, after an informal exchange of information would be

3

beneficial. Further, in the event the case does not settle before the end of discovery, the Plaintiff submits that a mediation after discovery should be pursued. The United States maintains that ADR would not be helpful and would be cumbersome to pursue as it would require the participation of high level government officials.

6. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

The parties are unable to ascertain, at this time, whether the case can be resolved by summary judgment. There has not been, and there will not be, a motion to dismiss filed. The parties propose that dispositive motions be filed by May 30, 2008, that opposition thereto be filed by June 30, 2008, and reply by July 21, 2008.

7. Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

The parties propose that Rule 26(a)(1) initial disclosures be made by May 25, 2007.

8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

The parties propose that fact discovery conclude on December 3, 2007, with expert discovery to proceed as set forth in item #9. The parties agree that the number of interrogatories allowed, including parts and subparts, should be enlarged to 38. Plaintiff may seek a protective order to preserve confidentiality of certain information. The Defendant, having not seen the actual language of any proposed order, does not know, at this time, whether it will agree to any such proposed order.

9. Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

The parties submit that Rule 26(a)(2) disclosures should be submitted, consistent with the following schedule.

- Mutual exchange of initial expert disclosures – February 1, 2008

- Rebuttal reports – March 10, 2008

- Expert depositions to be concluded – April 30, 2008

10. In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

The above-captioned action is not a class action.

11. Whether the case the trial and/or discovery should bifurcated or managed in phases, and a specific proposal for such bifurcation.

Other than the phase of expert discovery identified in item #9, the parties do not propose to bifurcate trial and/or discovery, or otherwise to conduct phases of litigation.

12. The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

The parties propose a Pretrial Conference convene on September 3, 2008.

13. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

The parties submit that the Court should set a trial date at the Pretrial Conference.

14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

The parties do not have any other matters they believe are appropriate for inclusion in the Scheduling Order.


/s/Gary S. Posner_____
Gary S. Posner (Bar I.D. No. MD05863)
Whiteford, Taylor & Preston L.L.P.
7 Saint Paul Street
Baltimore, Maryland  21202-1626
(410) 347-8700


/s/ Jonathan Z. May_____
Jonathan Z. May (Bar I.D. No. 495031)
Robert D. Earle (Bar I.D. No. 449012)
Whiteford, Taylor & Preston L.L.P.
20 Columbia Corporate Center
10420 Little Patuxent Parkway, Ste. 495
Columbia, Maryland 21044-3528

Attorneys for Plaintiff,
National Credit Counseling Services, Inc.

/s/Lawrence P. Blaskopf_____
Lawrence P. Blaskopf
Anne Blaess
Civil Trial Section, Eastern Region
U.S. Department of Justice, Tax Division
P.O. Box 227
Washington, D.C.  20044
(202) 514-9642

Attorneys for Defendant,
United States of America

*1728045*