# EXHIBIT 8

## PART 2

GENUS CREDIT MANAGEMENT CORPORATION                          52-1799746

| FORM 990 | IDENTIFICATION OF RELATED ORGANIZATIONS<br>PART VI, LINE 80B | STATEMENT | 11 |

| NAME OF ORGANIZATION | EXEMPT | NONEXEMPT |
|---|---|---|
| CONCORD CREDIT, LA FUNDACION HISPANA DE CREDITO | X | |
| INCHARGE INSTITUTE OF AMERICA, INC. | X | |

| SCHEDULE A | STATEMENT REGARDING ACTIVITIES WITH DIRECTORS,<br>TRUSTEES, PRINCIPAL OFFICERS OR CREATOR<br>PART III, LINE 2 | STATEMENT | 12 |

THE ORGANIZATION WAS PROVIDED SERVICES FROM AMERIX, INC. AN ORGANIZATION
WHICH PROVIDES MANAGEMENT SERVICES TO NON-PROFIT CREDIT COUNSELING
ORGANIZATIONS.  THE ORGANIZATION IS OWNED IN THE MAJORITY BY THE FORMER
PRESIDENT OF THE GENUS CREDIT MANAGEMENT CORP.  THE ORGANIZATION SUBLEASED
EQUIPMENT AND FACILITIES TO AMERIX, INC.  AMERIX, INC. ALSO PURCHASED
CERTAIN EQUIPMENT, LEASEHOLD IMPROVEMENTS AND WORKFORCE FROM GENUS CREDIT
MANAGEMENT CORPORATION.

| SCHEDULE A | OTHER INCOME | | STATEMENT | 13 |

| DESCRIPTION | 1998<br>AMOUNT | 1997<br>AMOUNT | 1996<br>AMOUNT | 1995<br>AMOUNT |
|---|---|---|---|---|
| MISCELLANEOUS INCOME | 301,852. | 208,711. | 41,732. | |
| TOTAL TO SCHEDULE A, LINE 22 | 301,852. | 208,711. | 41,732. | |

# SECOND AMENDED AND RESTATED BYLAWS

## OF

## GENUS CREDIT MANAGEMENT CORPORATION

### ARTICLE I

### Name and Location of Corporation

The name of this Corporation is GENUS CREDIT MANAGEMENT CORPORATION (hereinafter referred to as the "Corporation"). The principal office of the Corporation shall be at such place as may be determined by the Board of Trustees of the Corporation from time to time.

### ARTICLE II

### Purpose

The Corporation is an organization that is recognized by the Internal Revenue Service as exempt from tax under Section 501(c)(3) of the Internal Revenue Code of 1986, as amended. The Corporation shall be operated in accordance with the provisions of Section 501(c)(3) of the Internal Revenue Code of 1986, as amended, and for the purposes set forth in its Articles of Incorporation (the "Articles"), as amended from time to time.

### ARTICLE III

### Membership

Section 1.    Sole Member.  The sole member of the Corporation is InCharge Institute of America, Inc., a Delaware nonstock corporation (the "Member").

Section 2.    Place of Meetings.  Meetings of the membership shall be held at the principal office or place of business of the Corporation or such other suitable place convenient to the membership as may be designated by the Board.

*1119058.v2*

Section 3.    <u>Annual Meetings</u>.  Annual meetings of the membership shall be held in the Month of December of each year on such date and at such time as may be determined proper by the Member.  At each such meeting, the Member shall elect Trustees to fill the positions of those Trustees whose terms expire at such meeting and shall also transact such other business of the Corporation as may properly come before the Member.

Section 4.    <u>Special Meetings</u>.  It shall be the duty of the President of the Corporation to call special meetings of the membership as directed by resolution of the Board, or upon petition signed by the Member and presented to the Secretary or the President of the Corporation.

Section 5.    <u>Notice of Meetings</u>.  It shall be the duty of the Secretary to give notice of each annual and special meeting, stating the purpose thereof as well as the time and place where it is to be held, to the Member at its address as it appears in the membership book of the Corporation at least ten (10) but not more than ninety (90) days prior to an annual meeting and at least two days before any special meeting.  The mailing of a notice in the manner provided in this Section 5 shall be considered due service of notice.

Section 6.    <u>Voting</u>.  The vote of the Member at a meeting shall decide any question brought before such meeting.

Section 7.    <u>Written Consents</u>.  Any action required or permitted to be taken at a meeting of the Member may be taken without a meeting if a consent in writing, setting forth such action, is signed by the Member and such consent is filed with the minutes of proceedings of the Member.

ARTICLE IV

Board of Trustees

Section 1.    <u>Powers</u>.  The management and control of the business and affairs of the Corporation shall be governed by the  Board of Trustees (the "Board").  All powers of the Corporation may be exercised by, or under the authority of, the Board.

*1119058.v2*

2

Section 2.    <u>Number; Qualification</u>.  The members of the Board are referred to herein collectively as the "Trustees," and individually as a "Trustee."  The Board shall have up to seven (7) Trustees.  The number of Trustees may be increased or decreased at any regular or special meeting of the Board, but shall never be less than the minimum number required by the applicable provisions of the Maryland General Corporation Law.  In order to qualify as a Trustee, an individual shall be at least twenty-one (21) years old and demonstrate knowledge, involvement or interest in one or more of the following areas: (i) education of individuals or the public; (ii) credit counseling, debt management, financial planning or related matters, (iii) fundraising or obtaining grants, or (iv) any other areas beneficial to the Corporation within the scope of its purposes, as described in Article II above.

Section 3.    <u>Election and Term of Office</u>.  Trustees shall be elected by the Member in accordance with these Bylaws.  The Member may designate, from time to time, a Trustee to serve as the Chair of the Board (the "Chair").  Each Trustee shall serve for a term of two (2) years, unless removed sooner as provided under Article IV, Section 5 hereof.  Trustees may serve an unlimited number of terms.

The term of any Trustee not serving on the Board immediately prior to such Trustee's election shall commence immediately following the close of the annual meeting of the Board at which such Trustee was elected to the Board.  The term of a Trustee that is serving on the Board immediately prior to his reelection to the Board shall commence immediately following such Trustee's reelection at the annual meeting.  The term of a Trustee that is not reelected to the Board for an additional term shall expire immediately following the election of Trustees at the annual meeting at which such Trustee's term is scheduled to expire.

Section 4.    <u>Vacancies</u>.  Vacancies on the Board shall exist in the case of the happening of any of the following events:

(1)    the death or resignation of a Trustee;

(2)    the removal of any Trustee in accordance with Article IV, Section 5 of these Bylaws; or

(3)    the authorized number of Trustees is increased.

Section 5.    <u>Removal and Declaration of Vacancy</u>.  The Member may remove any Trustee and declare vacant the office of a Trustee for any reason at any annual, regular or special meeting of the Member.

Section 6.    <u>Filling of Vacancies</u>.  Vacancies on the Board may be filled by the Member, in the sole discretion of the Member, provided, however, that the Member shall fill the vacancies to the extent necessary to assure that the Board has the minimum number of Trustees required by Article IV, Section 2 of these Bylaws.  Each Trustee so elected shall serve the remainder of the unexpired term of the Trustee whose position has been vacated, unless sooner removed pursuant to Article IV, Section 5 hereof.

Section 7.    <u>Reduction of Number of Authorized Trustees</u>.  No reduction in the authorized number of Trustees shall result in the removal of any Trustee prior to the expiration of his term of office.

Section 8.    <u>Place of Meeting</u>.  Regular and special meetings of the Board may be held at any place within or without the State of Maryland which has been designated from time to time by resolution of the Board.  In the absence of such designation, regular meetings shall be held at the principal office of the Corporation.  Any regular or special meeting of the Board is valid, wherever held, if held with the written consent of all the Trustees given before or after the meeting, which consent shall be filed with the minutes of the meetings of the Board.

Section 9.    <u>Annual Meetings</u>.  Annual meetings of the Board shall be held in the Month of December of each year on such date and at such time as may be determined proper by the Board. If the Board fails to call an annual meeting prior to the first day of December of such year, then the Chair may call the meeting and set the date and time for such meeting.

Section 10.    <u>Regular Meetings</u>.

(a)  Between annual meetings, regular meetings of the Board shall be held at intervals as may be determined appropriate by the Board, but not less frequently than every six (6) months following an annual meeting.  Failure to hold regular meetings, however, shall not invalidate the Corporation's existence or affect otherwise valid corporate acts.

(b)  Written notice of the time and place of each regular meeting of the Board shall be delivered personally to each Trustee, or sent to each Trustee by mail or by other form of

1119058.v2

4

written communication at least ten (10) days before each such meeting.  It shall be sufficient for purposes of complying with this notification requirement that the minutes of any preceding meeting which make reference to the date of the next regular meeting are forwarded to each Trustee at least ten (10) days before the meeting.  If the current address of a Trustee is not shown on the corporate records, and is not readily ascertainable, notice shall be addressed to him at the last known address of such Trustee as carried in the records of the Corporation.  Notice of the time and the place of holding of any adjourned meeting need not be given to absent Trustees if the time and place are fixed at the meeting adjourned.

Section 11.    Special Meetings. Special meetings of the Board may be called by the Chair, the President, or, if he is absent or unable or refuses to act, by any Vice-President, or by the lesser of any two (2) Trustees or the number of Trustees equal to at least one-third (1/3) of all the Trustees.  A notice shall be given to each Trustee of the time, place and purpose of any special meeting by personal delivery of such notice, by telephone notice of such meeting or by written notice sent at least two days prior to the convening of such a meeting.  If the current address of a Trustee is not shown on the records of the Corporation and is not readily ascertainable, notice shall be addressed to him at the last known address of such a Trustee as reflected in the records of the Corporation.

Section 12.    Waivers of Notice.  The transaction of any business any meeting of the Board, however called and noticed or wherever held, are valid as though held at a meeting duly held after a regular call and notice if a quorum is present and if, either before or after the meeting, each of the Trustees not present signs a written Waiver of Notice, a consent to the holding of the meeting, or an approval of the minutes thereof.  All such waivers, consents, or approvals shall be filed with the corporate records and made a part of the minutes of the meeting.

Section 13.    Quorum.  A quorum of the Board for purposes of transacting business at any duly called meeting shall consist of at least one-half (1/2) of all of the Trustees then serving on the Board.  The Trustees present a meeting that has been duly called and convened may continue to transact business until adjournment, notwithstanding the withdrawal of enough Trustees to leave less than a quorum.

1119058.v2

5

Section 14.    <u>Majority Action</u>.  Unless otherwise required by the Articles, these Bylaws or the Maryland General Corporation law, a majority of the Trustees present at any meeting duly held at which a quorum is present shall be sufficient to pass any measure or resolution of the Board.

Section 15.    <u>Action by Consent of the Board</u>.  Any action required or permitted to be taken at a meeting of the Board may be taken without a meeting if a unanimous written consent which sets forth the action is: (1) signed by each Trustee; and (2) filed with the minutes of the proceedings of the Board.

Section 16.    <u>Adjournment</u>.  In the absence of a quorum, a majority of the Trustees present at a duly called meeting may adjourn, from time to time, until the time fixed for the next regular meeting of the Board.  Notice of any adjourned meeting need not be given to absent Trustees if the time and place are fixed at the meeting adjourned.

Section 17.    <u>Conduct at Meetings</u>.  At every meeting of the Board, the Chair, or in his absence, a chair chosen by the majority of the Trustees present, shall preside.  The chair of the meeting may appoint any person to act as secretary of the meeting for purposes of taking appropriate minutes of the proceeding.

Section 18.    <u>Compensation</u>.  No Trustee shall receive any compensation for his services as a Trustee; provided, however, that the Corporation may provide Trustees with a nominal stipend for personal expenses incurred in connection with their service on the Board, and the Trustees may receive reimbursement for actual costs of attending meetings of the Board.

## ARTICLE V
### Officers

Section 1.    <u>Number and Titles</u>.  The officers of the Corporation shall be a President, a Secretary, and a Treasurer.  The Corporation may also have, in the discretion of the Board, an Executive Vice-President, one or more Vice-Presidents, one or more Executive Directors, one or more Assistant Secretaries and one or more Assistant Treasurers.  The officers shall have only such powers and authority regarding the management and control of the Corporation as are set forth in these Bylaws or as otherwise delegated by the Board.

1119058.v2

6

Section 2.    Election; Term of Office. All officers of the Corporation shall be elected by the Board. The President, Executive Vice-President, each Vice-President, Secretary and Treasurer shall each serve at the pleasure of the Board until such officer is removed, resigns, or until his successor is duly elected and qualifies, whichever occurs first. All other officers of the Corporation shall be elected by the Board for terms of two (2) years, and each such officer shall hold his office shall until he shall resign, be removed, or otherwise disqualified to serve, or until his successor shall be duly elected and qualifies. A person may serve an unlimited number of terms as an officer of the Corporation.

Section 3.    Executive Directors. The Board may appoint Executive Directors as officers of the Corporation as the business of the Corporation may require, each of whom shall hold such office for such a period and have such authority and perform such duties as the Board may from time to time determine.

Section 4.    Removal and Resignation.  Any officer may be removed, either with or without cause, by a majority of the Trustees at any annual, regular or special meeting of the Board (or as to any assistant or subordinate officer, by any officer authorized by the Board). Any officer may resign at any time and any such resignation shall take effect at the date of the receipt of such notice, or at any later time specified therein, and unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 5.    Vacancies. If any officer position becomes vacant by reason of the death, resignation, or removal of such officer, the Board shall elect a successor who shall hold such office in accordance with Article V, Section 2 above.

Section 6.    President. The President of the Corporation shall, subject to the control of the Board of Trustees, have supervision, direction and control of the day-to-day activities of the corporation and the Officers. The President shall have such other powers and duties as may be prescribed by the Board of Trustees or these Bylaws. Performance evaluation and compensation of the President shall be the responsibility of the Board.

Section 7.    Executive Vice-President. In the absence of, or in the event of a disability of the President, the Executive Vice-President shall perform all the duties of the President and when so acting, shall have all the powers of the President. The Executive Vice-President shall otherwise

1119058.v2

7

perform such duties and have such powers as may from time to time be prescribed by the President or the Board.

Section 8.    Vice-Presidents.    In the absence of, or in the event of a disability of the President and the Executive Vice-President, the Vice-President with the most seniority shall perform all the duties of the President and when so acting, shall have all the powers of the President.    A Vice-President shall otherwise perform such duties and have such powers as may from time to time be prescribed by the President or the Board.

Section 9.    Secretary.    The Secretary shall sign, with the President, such documents as are customarily attested to by the secretary of a corporation and shall keep minutes of meetings and forward such notices as may be required pursuant to the provisions of these Bylaws or by applicable law.    The Secretary shall maintain, keep and file the minutes, books, reports, statements, and such other documents and records related to, or as may be required or necessary for the conduct of, the Corporation's business.    The Secretary shall exhibit at all reasonable times to any Trustee the Bylaws and the minutes of proceedings of the Board and shall perform such other duties that are incident to the office of Secretary under applicable law, the Articles or these Bylaws, and as may be assigned by the Board from time to time.

Section 10.    Treasurer.    The Treasurer shall have charge and custody of, and be responsible for, all funds and securities of the Corporation and shall keep and maintain adequate records pertaining to the same and the properties and business transactions of the Corporation. The Treasurer shall, at the request of the President or any Trustee, exhibit the books of account and financial records of the Corporation and render an account of all transactions. In addition, the Treasurer shall perform such other duties that are incident to the office of Treasurer under applicable law, the Articles or these Bylaws, and as may be assigned from time to time by the Board.

Section 11.    Compensation.    An officer of the Corporation may receive reasonable compensation for his services to the Corporation in that capacity.

## ARTICLE VI

### Committees

Section 1.    <u>Committees</u>.  The Board may appoint, from among its members, an Executive Committee and other committees composed of two (2) or more Trustees and delegate to those committees any of the powers of the Board, except: (i) any power the Board is prohibited from delegating under the Maryland General Corporation law; (ii) the power to elect Trustees; or (iii) the power to amend these Bylaws.

Section 2.    <u>Committee Procedure</u>.  The Board shall have the power to prescribe the manner in which proceedings of each committee shall be held. Unless the Board shall otherwise provide, the actions of each committee shall be governed by the following rules of procedure.  The majority of the members of a committee shall constitute a quorum for the transaction of business and an act of a majority of those present at a meeting in which a quorum is present shall be the act of the committee.  The members of the committee present at any meeting, whether or not they constitute a quorum, may appoint a Trustee to act in the place of an absent member.  Any action required or permitted to be taken at a meeting of a committee may be taken without a meeting, if a unanimous written consent which sets forth the action is signed by each member of the committee and filed for the minutes of a committee. The members of the committee may conduct any meeting thereof by telephone conference or similar communications equipment if all persons participate in the meeting can hear each other at the same time.  Participation in a meeting by these means constitutes a presence in person at a meeting.  In the absence of any prescription by the Board or any applicable provision of these Bylaws, each committee may prescribe the manner in which its proceeding shall be conducted.

Section 3.    <u>Executive Committee</u>.  The Board may appoint an Executive Committee consisting of at least three (3) Trustees appointed by the Board, which number may be increased or decreased by the affirmative vote of a majority of the Trustees at any meeting of the Board at which a quorum is present.  All members of the Executive Committee shall be entitled to vote on any matters before the Committee.  The Executive Committee shall have the authority and power to act

*1119058.v2*

9

for and on behalf of the Board in all matters, subject only to the limitations contained in these Bylaws or the Maryland General Corporation Law. Meetings of the Executive Committee shall be held at such intervals as may be determined appropriate by the Board or by the Executive Committee. The Executive Committee shall cause minutes of each of its meetings to be prepared for distribution at the next regular meeting of the Board.

## ARTICLE VII

### Indemnification and Insurance

Section 1.     Indemnification-General.     The Corporation shall indemnify: (i) any individual who is a present or former Trustee, director or officer of the Corporation; or (ii) any individual who is a present or former Trustee, director or officer of the Corporation who serves or has served in another corporation, partnership, joint venture, trust, employee benefit plan or any other enterprise as a Trustee, director or officer, or as a partner or trustee of such partnership or employee benefit plan, at the request of the Corporation and who by reason of service in that capacity was, is or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, to the full extent permitted under the Maryland General Corporation Law. The Corporation may, with the approval of the Board, provide such indemnification for a person who formerly served a predecessor of the Corporation in any of the capacities described in (i) or (ii) above and for any employee or agent of the Corporation or a predecessor of the Corporation.

Section 2.     Advancement of Expenses.     Reasonable expenses incurred by a Trustee, director or officer who is, or is threatened to be made, a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, may be paid or reimbursed by the Corporation, upon the approval of the Board, in advance of the final disposition of the proceeding upon receipt by the Corporation of: (i) a written affirmation by the party seeking indemnification that he has a good faith belief that the standard of conduct necessary for indemnification by the Corporation as authorized herein has been met; and (ii) a written

*1119058.v2*

10

undertaking by or on behalf of the party seeking indemnification to repay the amount if it shall ultimately be determined that the standard of conduct has not been met.

Section 3.    Exclusivity.    The rights of indemnification and advancement of expenses provided by the Articles and these Bylaws shall not be deemed exclusive of any other rights to which a person seeking indemnification or advancement of expenses may be entitled under any law (common or statutory) or agreement, both as to action in his official capacity and as to action in another capacity while holding office or while employed by or acting as agent for the Corporation, and such rights shall continue in respect of all events occurring while a person was a director or officer and shall inure to the benefit of the estate, heirs, executors and administrators of such person.  All rights to indemnification and advancement of expenses under the Articles and these Bylaws shall be deemed to be a contract between the Corporation and each Trustee, director or officer of the Corporation who serves or served in such capacity at anytime while this Section 3 is in effect. Nothing herein shall prevent the amendment of this Section 3, provided that no such amendment shall diminish the rights of any person hereunder with respect to events occurring or claims made before its adoption or as to claims made after its adoption in respect of events occurring before its adoption.  Any repeal or modification of this Section 3 shall not in any way diminish any rights to indemnification or advancement of expenses of such director or officer or the obligations of the Corporation arising thereunder with respect to events occurring, or claims made, while this Section 3, or any provision hereof, is in force.

Section 4.    Insurance for Corporate Agents.    Except as may be otherwise provided under provisions of law, the Board may authorize and direct the purchase and maintenance of insurance on behalf of any agent of the Corporation (including a Trustee, director, officer, employee or other agent of the Corporation) against liabilities asserted against or incurred by the agent in such capacity or arising out of the agent's status as such, whether or not the corporation would have the power to indemnify the agent against such liability under the Articles, these Bylaws or provisions of law.

1119058.v2

11

## ARTICLE VIII

### Conflicts of Interest Policy

Section 1.    General Policy.  All Interested Persons (defined below) shall exercise good faith in all transactions relating to their duties to the Corporation and shall not use their positions in any manner that is contrary to the best interests of the Corporation or its subsidiaries (i.e., any entity in which the Corporation owns 50% or more of the ownership, profits, capital or voting interests), or to promote their own business interests or those of family, friends or business partners. Moreover, each Interested Person shall (i) promptly and fully disclose all known and potential Conflicts of Interest (defined below) to the Board and any committee considering a Contract (defined below), including any relevant facts known to such person regarding a potential Conflict of Interest, (ii) refrain from participating in, or acting on, the decision on any matter in which a Conflict of Interest, or even the appearance of such a Conflict, is present with respect to such Person, and (iii) remove himself or herself from any meeting or deliberations on the matter.  Any doubts on the part of any Interested Person as to the existence of, or proper conduct in light of, any perceived Conflict of Interest should be directed to the Chair of the Board for resolution.

Section 2.    Conflicts of Interest Disclosure Statements.  Each Interested Person shall submit an initial statement disclosing any potential or existing Conflict of Interest prior to starting his or her position(s) with the Corporation. All Interested Persons shall also submit an annual statement disclosing any potential or existing Conflicts of Interest.  Such statements shall be submitted to the Board of the Corporation and the managing authority of each subsidiary of the Corporation.

Section 3.    Procedure Upon Disclosure of a Potential Conflict of Interest.  The Board or the committee to which an Interested Person discloses a potential Conflict of Interest shall thereupon determine, by majority vote, whether the disclosure demonstrates that a Conflict of Interest exists or can reasonably be construed to exist.  If a Conflict of Interest is known or deemed to exist after disclosure, the Board or the committee reviewing the matter shall not approve any Contract with a party where a Conflict of Interest is deemed to exist with such party

*1119058.v2*

12

unless it has determined that (i) entering into such Contract with the party is in the best interests of the Corporation, (ii) the Contract is fair and reasonable to the Corporation, or the applicable subsidiary of the Corporation, and (iii) a more advantageous Contract cannot be obtained under the circumstances. Additionally, any action required to avoid imposition of an excise tax under Section 4958 of the Internal Revenue Code of 1986, as amended, shall be taken by the Board or committee considering such Contract.

Section 4.    Record Keeping.    The Board or committee considering a matter in which a known or potential Conflict of Interest is involved shall maintain detailed minutes regarding the matter.  Such minutes shall reflect the name of the Interested Person and any disclosure made, the vote on whether a Conflict of Interest is present, the names of the persons participating in any discussions and deliberations with regard to approving or rejecting the Contract involving the Interested Person and the substance of such discussions and deliberations, adherence with the procedures described in Article VIII, Section 3 above, the abstention from voting and participation by the Interested Person, and that a quorum was present.

Section 5.    Corrective Action.    In the event an Interested Person fails to comply with the letter and spirit of this Conflict of Interest Policy, the Board may take corrective action against such Person.  In the event that a formal reprimand, or in an extreme case, the removal of such Person from his or her position(s), is proposed, such recommendation must be presented with supporting documentation.  The Interested Person involved shall be given an opportunity to be heard prior to the Board's final decision on the matter.

Section 6.    Conflict of Interest Defined.  A Conflict of Interest shall exist in the case of any proposed Contract between the Corporation or a subsidiary thereof, on the one hand, and an Interested Person or a party with which an Interested Person has a direct or indirect family, social or business relationship or financial interest in such Contract, on the other hand. For purposes of this Conflicts of Interest Policy, a person shall be deemed to have an "interest" in a Contract if he or she is a director, trustee, officer, employee or agent of, or has a significant financial interest in, or an influential position with, the entity contracting or dealing with the Corporation or its subsidiary.

Section 7.    Interested Person Defined.  An "Interested Person" is any person that is a Trustee, director, principal officer or senior management staff employee of the Corporation or any subsidiary thereof.

Section 8.    Contract Defined.  A "Contract" is any contract, agreement, transaction or arrangement relating to the sale, exchange, transfer or provision of goods, property or services of any kind or nature, including, without limitation, compensation arrangements.

## ARTICLE IX

### Sundry Provisions

Section 1.    Execution of Documents.  A person who holds more than one office in the Corporation may not act in more than one capacity to execute, acknowledge or verify an instrument required by law to be executed, acknowledged, or verified by more than one officer.  The Board, except as otherwise provided in these Bylaws, may be resolution authorize any officer or agent of the Corporation to enter into any contract or execute and deliver any instrument in the name of and on behalf of the Corporation, and such authority may be general or confined to specific instances.  Further, the President, except as otherwise provided in these Bylaws or otherwise directed by the Board, may authorize any officer or agent of the Corporation to execute and deliver any contract or instrument in the name of and on behalf of the Corporation that the President had the authority to execute and deliver pursuant to these Bylaws or by resolution of the Board.  Unless so authorized, no officer, agent, or employee shall have any power to authority to bind the Corporation by any contract or engagement or to pledge its credit or to render it liable monetarily for any purpose or in any amount.

Section 2.    Fiscal Year.  The fiscal year of the Corporation shall end on the 31st day of December of each year unless otherwise provided by the Board.

Section 3.    Private Foundation Requirements and Restrictions.  In any taxable year in which the Corporation is determined to be a private foundation, as described in Section 509(a) of the Internal Revenue Code of 1986, as amended (the "Code"), the Corporation: (i) shall distribute its income for said period at such time and manner as not to subject it to tax under Section 4942

1119058.v2

14

of the Code; (ii) shall not engage in any act of self-dealing as defined in Section 4941(d) of the Code; (iii) shall not retain any excess business holdings as defined in Section 4943(c) of the Code; (iv) shall not make any investments in such manner as to subject the Corporation to tax under Section 4944 of the Code; and (v) shall not make any taxable expenditures as defined in Section 4945(d) of the Code.

Section 4.    Inspection of Bylaws.  The Corporation shall maintain at its principal office the original or a copy of these Bylaws, as amended or otherwise altered to date, which shall be open to inspection by the Member and all Trustees at all reasonable times.

Section 5.    Books and Records.  The Corporation shall keep correct and complete books and records of its accounts and transactions and minutes of the proceedings of its Board and of any committee when exercising any of the powers of the Board.  The books and records of the Corporation may be in written form or in any other form which can be converted within a reasonable time into written form for visual inspection.  Minutes shall be recorded in written form but may be maintained in the form of a reproduction.

Section 6.    Corporate Seal.  If the Corporation is required to place its corporate seal to a document, it is sufficient to meet the requirement of any law, rule or regulation relating to a corporate seal to place the word "Seal" adjacent to the signature of the person authorized to sign the document on behalf of the Corporation.

Section 7.    Mail.  Any notice or other document that is required by these Bylaws to be mailed shall be deposited in the United States mails, postage prepaid.

Section 8.    Checks and Drafts.  All checks, drafts or other orders for the payment of money, notes or other evidences of indebtedness issued in the name of the Corporation shall be signed by the President, Executive Vice-President or Treasurer of the Corporation, or such other officers of the Corporation as may be designated from time to time by resolution of the Board.

1119058.v2

Section 9    Amendment of Bylaws.  These Bylaws may be amended or repealed or any new Bylaws may be made and adopted at any duly called and noticed annual, regular or special meeting of the Board at which a quorum is present by the vote or written assent of two-thirds (2/3) of the Trustees present at such meeting, or by the unanimous written consent of all of the Trustees then serving on the Board.

Section 10.    Construction and Terms.  If there is any conflict between the provisions of these Bylaws and the Articles, the provisions of the Articles shall govern.  Should any of the provisions or portions of these Bylaws be held unenforceable or invalid for any reason, the remaining provisions and portions of these Bylaws shall be unaffected by such holding.

Adopted as approved by the Board of Trustees of Genus Credit Management Corporation, effective as of _____October_____ _18_, 1999:

Name: Etta W. Money                    _October 18_____, 1999
Title: Secretary                       Date

GENUS CREDIT MANAGEMENT CORPORATION

ARTICLES OF AMENDMENT

Genus Credit Management Corporation, a Maryland nonstock corporation (the "Corporation"), hereby certifies to the State Department of Assessments and Taxation that:

FIRST:  The Charter of the Corporation is hereby amended by deleting in its entirety Article FOURTH of the Charter of the Corporation and substituting the following in lieu thereof:

FOURTH:    No part of the earnings of the corporation shall inure to the benefit of any private member or individual, except that the corporation shall be authorized and empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of the purpose set forth in Article THIRD hereof. Notwithstanding the foregoing, funds or property of the corporation may be distributed to any other corporation or organization, including, without limitation, the Sole Member (as defined in Article SEVENTH hereof) or any affiliate of the corporation, provided, however, that the funds or property so distributed shall be applied to such purposes as would be permissible if the corporation itself applied such funds or property to such purposes. The Sole Member is a corporation formed for non-profit purposes, including coordinating the maintenance, growth and activities of this corporation. No substantial part of the activities of the corporation shall consist of carrying on propaganda or otherwise attempting to influence legislation, and the corporation shall not participate or intervene in (including the publishing or distribution of statements) any political campaign on behalf of any candidate for public office. Notwithstanding any other provisions of these Articles, the corporation shall not carry on any other activities not permitted to be carried on (a) by a corporation exempt from federal income tax under Section 501 (c) (3) of the Internal Revenue Code, or corresponding section of any future federal tax code, or (b) be a corporation, contributions to which are deductible under Section 170 (c) (2) of the Internal Revenue Code, or any corresponding section of any future federal tax code.

**SECOND:** The Charter of the Corporation is hereby amended by deleting in its entirety Article SEVENTH of the Charter of the Corporation and substituting the following in lieu thereof:

SEVENTH: The corporation shall have no capital stock, and no part of its net earnings shall inure to the benefit of any private shareholder or individual. The sole member of the Corporation shall be: InCharge Institute of America, Inc., a Delaware nonstock corporation (the "Sole Member").

**THIRD:** The Charter of the Corporation is hereby amended by adding the following Article TWELFTH:

TWELFTH: The management of the business and affairs of the Corporation is subject to the following "Reserved Powers" pursuant to which the Sole Member shall have the right, as the Sole Member of the corporation, to approve or consent to, any of the following actions (collectively, the "Reserved Powers"):

(i)    (a) merge or consolidate the corporation with another person or entity, (b) sell all or any material part of the assets of the corporation to another person or entity, other than in the ordinary course of business, or (c) wind up or dissolve the corporation;

(ii)    elect and remove members to the Board of Trustees; or

(iii)    change the mission or purpose of the corporation.

**FOURTH:** The Trustees serve as the Board of Directors of the Corporation. This amendment of the Corporation's Charter was duly advised and approved by the Trustees of the Corporation in a manner and by the vote required by law and the Corporation's Charter. The Corporation has no members and, pursuant to Section 5-204 of the Maryland General Corporation Law, the Trustees' approval of this amendment shall constitute the approval by the members of the Corporation.

**FIFTH:**  Each of the undersigned officers of the Corporation acknowledges, under penalties for perjury, that these Articles of Amendment are the corporate act of the Corporation and that the matters and facts set forth herein are true in all material respects, to the best of his knowledge and belief.

IN WITNESS WHEREOF, the Corporation has caused these Articles of Amendment to be signed in its name and on its behalf by its President and attested to by its Secretary on this _15th_ day of _October_ , 1999.

ATTEST:

_____
Etta W. Money, Secretary
(SEAL)

_____
David C. Jones, Ph.D., President

3