**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL CREDIT COUNSELING SERVICES, INC. | * |
| Plaintiff | * |
| v. | * Civil Action No: 1:06 CV 02028 RBW |
| UNITED STATES OF AMERICA | * |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \*

**NATIONAL CREDIT COUNSELING SERVICES, INC.'S**
**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

National Credit Counseling Service, Inc., Plaintiff, by its undersigned counsel, pursuant to Local Rule LCvR 7(h) hereby submits this Statement of Undisputed Facts in Support of Plaintiff's Motion for Partial Summary Judgment and state as follows:

**UNDISPUTED FACTS**

1. NCCS was formed as a Maryland nonstock corporation on December 18, 1992, and was organized for one or more purposes specified in Section 501(c)(3) of the Code. *See* Affidavit of Etta Money in Support of Plaintiff's Motion for Partial Summary Judgment (the "Money Affidavit") at ¶ 5. (The Money Affidavit is attached to the Memorandum in Support of Plaintiff's Motion for Summary Judgment [the "Memorandum in Support"] and incorporated therein by reference as **Exhibit 1**).

2. In 1993, Plaintiff petitioned the IRS for recognition of tax-exempt status under Code Section 501(a) as an organization described in Code Section 501(c)(3), by filing a Form 1023, Application for Recognition of Exemption (the "Form 1023"), with the IRS. Money

Affidavit at ¶ 6. A true and accurate copy of the Form 1023 is attached to the Memorandum in Support and incorporated therein by reference as **Exhibit 2**. Money Affidavit at ¶ 6. In the Form 1023, Plaintiff represented its purposes as follows:

- educate the public on a variety of financial issues, with special attention to educating families and individuals on personal budgeting and the wise use of credit;

- help families and individuals with current financial difficulties, through sound budget or spending planning, and educate them on how to avoid future financial difficulties; and

- if a family or an individual is having financial problems that are beyond the scope of sound budgeting techniques, a counselor will set up a debt management plan for the orderly liquidation of the debt as a viable alternative to bankruptcy.

*See* Exhibit 2 at 3; Money Affidavit at ¶ 6.

3. The IRS issued a favorable determination letter (dated April 12, 1993) to Plaintiff recognizing NCCS as exempt from federal income tax under Code Section 501(a) as an organization described in Code Section 501(c)(3) (the "Determination Letter"). Money Affidavit at ¶ 8. A true and accurate copy of the Determination Letter is attached to the Memorandum in Support and incorporated therein by reference as **Exhibit 3**. Money Affidavit at ¶ 8.

4. In late 1996 and early 1997, the IRS conducted an examination of Plaintiff's Form 990 (Return of Organization Exempt from Income Tax) for the tax year ending December 31, 1993. Money Affidavit at ¶ 9. The IRS did not issue any changes or adverse determinations to Plaintiff with regard to that examination. Money Affidavit at ¶ 9.

5. The IRS issued a letter (dated March 18, 1997) to NCCS stating that its exempt status under Code Section 501(a) as an organization described in Code Section 501(c)(3) was still in effect and that NCCS was determined to be a non-private foundation under Code Section 509(a)(1) (the "1997 Confirmation Letter"), a true and accurate copy of which is attached to the

Memorandum in Support and incorporated therein by reference as **Exhibit 4**. Money Affidavit at ¶ 10.

6. After the its review of a charter amendment submitted by Plaintiff, the IRS issued a letter, dated January 8, 1998, to Plaintiff confirming that its exempt status would continue (the "1998 Confirmation Letter"). Money Affidavit at ¶ 11.  A true and accurate copy of the 1998 Confirmation Letter is attached to the Memorandum in Support and incorporated therein by reference as **Exhibit 5**. Money Affidavit at ¶ 11.

7. After operating for several years, NCCS decided to explore pricing and service options for working with a service provider to perform certain functions relating to its operations. Money Affidavit at ¶ 12.  In connection therewith, in 1998, Plaintiff obtained a study from the accounting firm of Arthur Andersen regarding contractors that could provide certain services relating to NCCS's operations and pricing for those services.  Money Affidavit at ¶ 12.

8. Thereafter, on November 20, 1998, Plaintiff negotiated and executed a three (3) year service agreement (the "Service Agreement") with Amerix Corporation ("Amerix") replacing its prior agreement with Amerix.  Money Affidavit at ¶ 13.  The Arthur Andersen study demonstrated that the financial arrangements provided in the Service Agreement were fair and reasonable to Plaintiff, and that the best choice for the provider of the needed services at that time was Amerix.  Money Affidavit at ¶ 13.

9. NCCS filed an accurate and complete Form 990 for the tax year 1997 on September 17, 1998.  *See* Plaintiff's 1997 Form 990, a true and accurate copy of which is attached to the Memorandum in Support and incorporated therein by reference as **Exhibit 6**. Money Affidavit at ¶ 14.

10. NCCS fully disclosed to the IRS its relationship with Amerix on its Form 990 for the tax year 1997. Money Affidavit at ¶ 15.

11.     NCCS filed an accurate and complete Form 990 for the tax year 1998 on August 11, 1999. *See* Plaintiff's 1998 Form 990, a true and accurate copy of which is attached to the Memorandum in Support and incorporated therein by reference as **Exhibit 7**. Money Affidavit at ¶ 16.

12.     NCCS fully disclosed to the IRS its relationship with Amerix on its Form 990 for the tax year 1998. Money Affidavit at ¶ 17.

13.     On December 13, 1999, Plaintiff negotiated an amendment to the Service Agreement, the amendment provided for a one (1) year transition period to terminate material aspects of the services detailed under the Service Agreement (the "1999 Service Agreement Amendment"). Money Affidavit at ¶ 18.

14.     NCCS filed an accurate and complete Form 990 for the tax year 1999 on November 14, 2000. *See* Plaintiff's 1999 Form 990, a true and accurate copy of which is attached to the Memorandum in Support and incorporated therein by reference as **Exhibit 8**. Money Affidavit at ¶ 19.

15.     NCCS fully disclosed to the IRS its relationship with Amerix on its Form 990 for the tax year 1999. Money Affidavit at ¶ 20.

16.     During August, 2000, in accordance with the 1999 Service Agreement Amendment, Amerix stopped processing new accounts under the Service Agreement; Plaintiff continued providing education and counseling to its debt management program participants. Money Affidavit at ¶ 21.

17.     NCCS filed an accurate and complete Form 990 for the tax year 2000 on November 15, 2001. *See* Plaintiff's 2000 Form 990, a true and accurate copy of which is attached to the Memorandum in Support and incorporated therein by reference as **Exhibit 9**. Money Affidavit at ¶ 22.

18. NCCS fully disclosed to the IRS its relationship with Amerix on its Form 990 for the tax year 2000. Money Affidavit at ¶ 23.

19. NCCS filed an accurate and complete Form 990 for the tax year 2001 on August 13, 2002. *See* Plaintiff's 2001 Form 990, a true and accurate copy of which is attached to the Memorandum in Support and incorporated therein by reference as **Exhibit 10**. Money Affidavit at ¶ 24.

20. NCCS fully disclosed to the IRS its relationship with Amerix on its Form 990 for the tax year 2001. Money Affidavit at ¶ 25.

21. Thereafter, Plaintiff received a letter from the IRS, dated April 13, 2002, confirming that the charter amendment changing its name had been reviewed and that the Determination Letter issued to Plaintiff in April of 1993 remained effective (the "2002 Confirmation Letter"). Money Affidavit at ¶ 26. A true and accurate copy of the 2002 Confirmation Letter is attached to the Memorandum in Support and incorporated therein by reference as **Exhibit 11**. Money Affidavit at ¶ 26.

22. NCCS filed an accurate and complete Form 990 for the tax year 2002 on November 13, 2003. Money Affidavit at ¶ 27.

23. The IRS issued a letter, dated November 3, 2004, to NCCS stating that the IRS believed that its exempt status under Code Section 501(a) as an organization described in Code Section 501(c)(3) should be revoked, a true and accurate copy of which is attached to the Memorandum in Support and incorporated therein by reference as **Exhibit 12**. Money Affidavit at ¶ 28.

24. NCCS's counsel, in a letter dated May 31, 2007, submitted a Freedom of Information Act ("FOIA") request to the IRS concerning all examination files and documents for tax years 2000-2002 for NCCS; and in a letter dated September 14, 2007, NCCS's counsel

requested copies of all documents and materials related to the May 31, 2007 FOIA request which constitute agent's notes, workpapers, internal and external memoranda and correspondence, etc. (collectively, the "FOIA Request"). Money Affidavit at ¶ 29.

25. On January 3, 2008, the IRS provided a partial response to the FOIA Request, including *inter alia*, a document entitled "EO Workpaper Summary" (IRS Form 5772) together with six (6) pages each entitled "EO Workpaper Summary Continuation Sheet" (IRS Form 5773), dated April 1, 2005, and prepared by "D. Waggoner" (the "Examination Results"). Money Affidavit at ¶ 30.[1] The Examination Results refer to the IRS's examination of Plaintiff, in particular, its examination of Plaintiff's Forms 990 for the tax years 2000, 2001 and 2002. Money Affidavit at ¶ 30.

26. In Item C.5 of the Examination Results, the IRS admits that it reviewed "numerous newsletters, educational printed materials, and [NCCS's] website." *See* Examination Results Excerpt, Item C.5, a true and accurate copy of which is attached to the Memorandum in Support and incorporated therein by reference as **Exhibit 13**. Money Affidavit at ¶ 31. The IRS also concluded that such newsletters, educational printed materials and website were "[h]igh quality publications [that] have ***abundant*** educational content." *See* Exhibit 13 [emphasis added]; Money Affidavit at ¶ 31.

27. In Item D.3 of the Examination Results, the IRS admits that the Forms 990 filed by NCCS for each of the applicable tax years were "complete and accurate." *See* Examination Results Excerpt, Item D.3, a true and accurate copy of which is attached to the Memorandum in Support and incorporated therein by reference as **Exhibit 14**. Money Affidavit at ¶ 32.

28. In Item F.1 of the Examination Results, the IRS admits that "[a]ll of [NCCS's]

---

[1] True and accurate excerpts from the Examination Results are included as exhibits hereto as addressed. Money Affidavit at ¶ 30.

activities are related to [its] exempt function" and that "[t]here are no unrelated activities…" *See* Examination Results Excerpt, Item F.1, a true and accurate copy of which is attached to the Memorandum in Support and incorporated therein by reference as **Exhibit 15**. Money Affidavit at ¶ 33.

29. In Item I.1 of the Examination Results, the IRS admits that "NCCS has ***correctly*** filed all information returns." *See* Examination Results Excerpt, Item I.1 [emphasis added], a true and accurate copy of which is attached to the Memorandum in Support and incorporated therein by reference as **Exhibit 16**. Money Affidavit at ¶ 34.

30. In Item I.5 of the Examination Results, the IRS admits that its examination of NCCS's records and interviews with NCCS's officers revealed "no badges of fraud." *See* Examination Results Excerpt, Item I.5, a true and accurate copy of which is attached to the Memorandum in Support and incorporated therein by reference as **Exhibit 17**. Money Affidavit at ¶ 35.

31. In Item J.4 of the Examination Results, the IRS admits that its "[r]eview of [NCCS's] financial records and interview [sic] revealed no indication of fraud." *See* Examination Results Excerpt, Item J.4, a true and accurate copy of which is attached to the Memorandum in Support and incorporated therein by reference as **Exhibit 18**. Money Affidavit at ¶ 36.

32. During the applicable periods at issue, NCCS conducted activities not substantially different from those previously represented to the IRS on the Form 1023, namely: credit and debt counseling services (including budgeting and educational services to clients with credit problems); debt management services; enhancing the access to debt counseling services for Hispanic communities; education and training (including dissemination of educational information and seminars); and making educational grants in furtherance of its charitable and educational purposes. Money Affidavit at ¶ 37.

33.     During the applicable periods at issue, NCCS was entitled to, and in fact did, rely in good faith upon the Determination Letter, the 1997 Confirmation Letter, the 1998 Confirmation Letter and the 2002 Confirmation Letter. Money Affidavit at ¶ 38.

34.     A revocation of Plaintiff's tax exempt status, retroactive or prospective, would be to the detriment of Plaintiff. Money Affidavit at ¶ 39.

/s/Gary S. Posner_____
Gary S. Posner  (Bar I.D. No. MD05863)
Whiteford, Taylor & Preston L.L.P.
7 Saint Paul Street
Baltimore, Maryland  21202-1626
Tel (410) 347-8700
Fax (410) 752-7092
*E-mail*: gposner@wtplaw.com


/s/Jonathan Z. May_____
Jonathan Z. May (Bar I.D. No. 495031)
Robert D. Earle (Bar I.D. No. 449012)
Whiteford, Taylor & Preston L.L.P.
50 Corporate Center
10500 Little Patuxent Parkway, Ste. 750
Columbia, Maryland 21044-3585
Tel (410) 884-0700
Fax (410) 884-2451
*E-mail:*  jmay@wtplaw.com

Attorneys for Plaintiff,
    National Credit Counseling Services, Inc.

- 9 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of February, 2008, a copy of the foregoing National Credit Counseling Services, Inc.'s Statement of Undisputed Facts in Support of Plaintiff Motion for Partial Summary Judgment was sent electronically and via first class United States mail, postage prepaid, to:

>Lawrence P. Blaskopf
>Benjamin J. Weir
>Civil Trial Section, Eastern Region
>U.S. Department of Justice, Tax Division
>P.O. Box 227
>Washington, D.C.  20044


/s/Gary S. Posner_____
Gary S. Posner

1751700