IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL CREDIT COUNSELING SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:06cv02028 (RBW) |
| UNITED STATES, | ) ) ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION FOR FURTHER DISCOVERY

The United States of America moves for time to seek additional discovery pursuant to Fed. R. Civ. P. 56(f). The United States has not had sufficient time to conduct discovery essential to its opposition to plaintiff's motion for partial summary judgment. Plaintiff's motion for partial summary judgment should be denied pursuant to Fed. R. Civ. P. 56(f). A memorandum of law in support of this motion, the Declaration of Benjamin J. Weir and a proposed order are filed concurrently herewith.

Dated: February 15, 2008

                                                               Respectfully submitted,

                                                            /s/Lawrence P. Blaskopf
                                                          LAWRENCE P. BLASKOPF
                                                          BENJAMIN J. WEIR
                                                         Trial Attorneys, Tax Division
                                                         U.S. Department of Justice
                                                         Post Office Box 227
                                                         Washington, DC  20044
                                                         Telephone:  (202) 514-9642
                                                                          (202) 307-0855
                                                         Fax:         (202) 514-6866
                                                         E-mail: Lawrence.P.Blaskopf@usdoj.gov
                                                         *Counsel for the United States*

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

3055482.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL CREDIT COUNSELING SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:06cv02028 (RBW) |
| UNITED STATES, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM IN SUPPORT OF UNITED STATES'
MOTION FOR FURTHER DISCOVERY**

Plaintiff in this action for judicial review of the Internal Revenue Service's revocation of plaintiff's qualification for tax exempt status has filed a motion for partial summary judgment. Should this Court find that it has jurisdiction over plaintiff's motion for partial summary judgment, significant additional discovery is required.[1] To date, the United States has been unable to complete the discovery required to properly respond to plaintiff's motion for partial summary judgment. (Weir. Decl. ¶¶ 2, 4-25.) The defendant believes that this discovery would create issues of fact sufficient to deny plaintiff's motion. The United States has not neglected to diligently pursue discovery in this matter. The requirements of Fed. R. Civ. P. 56(f) have been fulfilled, and NCCS's motion should be denied.

---

[1] The United States asserts in its opposition to plaintiff's motion for partial summary judgment that it has not waived sovereign immunity due to plaintiff's failure to exhaust its administrative remedies, thereby depriving this Court of subject matter jurisdiction pursuant to 26 U.S.C. § 7428(b)(2). The United States' motion for further discovery pursuant to Fed. R. Civ. P. 56(f) is filed in the alternative, should this Court find that it has jurisdiction over plaintiff's motion for partial summary judgment.

**Procedural History**

NCCS sued the United States challenging the revocation of its tax exempt status conferred by 26 U.S.C. § 501(c)(3).  On January 30, 2008, the parties filed a joint motion seeking an extension of the discovery schedule because the United States had not yet received documents from Amerix Corporation pursuant to a subpoena *duces tecum* and to permit the parties additional time to discuss a potential settlement prior to trial.  Two days after the joint motion was filed, NCCS filed its motion for partial summary judgment.  The motion asserts that, even if the Service properly revoked NCCS's tax exempt status, the revocation should have no retroactive effect.

**Standards of Law**

Fed. R. Civ. P. 56(f) provides that "when a party opposing the motion shows by affidavit that, for specific reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, deposition to be taken, or other discovery to be undertaken; or (3) issue any other just order."  A summary judgment motion should be denied "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 fn. 5 (1986).  When a party seeks discovery "germane to the pending summary judgment motion it is inequitable to pull out the rug form under them by denying such discovery." *Patterson v. Whitman*, No. 02-cv-2213, 2003 U.S. Dist. LEXIS 26726 at *11 (D.D.C. June 9, 2003)(quoting *Wichita Falls Office Assoc. v. Banc One Corp.*, 978 F.2d 915, 920 (5th Cir. 1993)).  The D.C. Circuit has "long recognized" that a party requires "reasonable

opportunity to complete discovery before responding to a summary judgment motion and that insufficient time or opportunity to engage in discovery is cause to defer decision on the motion." *Hudert v. Alion Science & Tech. Corp.*, No. 05-545, 2007 U.S. Dist. LEXIS 87946 at *16-17 (D.D.C. Nov. 30, 2007)(J. Walton)(quoting <u>Khan v. Parsons Global Services, Ltd.</u>, 428 F.3d 1079 (D.C. Cir. 2005)).  A request for additional discovery "should be granted as a matter of course unless [the non-moving party] has not diligently pursued the discovery of the evidence." <u>Patterson</u>, 2003 U.S. Dist. LEXIS 26726 at *12.

### Discovery to Date and Additional Factual Discovery Required

To date, the United States has engaged in both formal and informal discovery.  However, further discovery is required before the United States can fairly and completely oppose NCCS's motion for partial summary judgment.

I.     Discovery to date

    a.     Formal discovery

The United States has served three sets of interrogatories and two requests for production of documents to NCCS.  (Weir Decl. ¶ 10, 12.)  To date, NCCS has neither responded to the United States second and third sets of interrogatories nor produced any electronic documents pursuant to the requests for production.  (<u>Id</u>.)  The United States has not sought to enforce these discovery requests because of settlement negotiations between the parties. (Weir Decl. ¶13.)

A subpoena *duces tecum* was also served on Amerix Corporation seeking the production of various documents.  Amerix objected to the subpoena and argued that it should only have to produce documents pursuant to a protective order.  The United States filed a motion to compel production in the District of Maryland.  The District of Maryland recently ordered that the

subpoena be enforced, subject to certain documents being produced under seal. To date, the United States not received any documents pursuant to the subpoena. (Weir Decl. ¶14.)

Finally, the United States has issued a subpoena to Stacy Ness. Ness is a former participant in a NCCS debt management plan. (Id. ¶ 23.) Ness is scheduled to be examined on February 19, 2008.

      b.    Informal discovery

The United States has sought documents related to the United States Senate Permanent Subcommittee on Investigations inquiry that lead to the report entitled *Profiteering in a Non-Profit Industry: Abusive Practices in Credit Counseling: Hearing Before the Senate Governmental Affairs Subcommittee on Investigations,* 108th Cong. (2004). The Department of Justice initially did not have access to these documents because they were protected by various subcommittee rules. (Weir Decl. ¶ 26.) To gain access to the documents, the United States was required to obtain a resolution from the subcommittee releasing the documents to the Department of Justice. (Id.) The resolution was eventually obtained and the undersigned counsel were then able to review the documents in a Senate office building. (Id.)

    II.    Additional factual discovery required

      a.    Specific facts

The United States requires additional discovery to authenticate documents and establish specific material facts. The unauthenticated documents indicate that: (1) NCCS derived more than 90% of its revenues during 2000 and 2001 from offering debt management programs; (2) in excess of 200,000 persons were enrolled in NCCS's debt management programs during this period; (3) NCCS and Amerix had a contractual relationship during this time; (4) NCCS

advertised for persons to contact it by telephone in connection with its offering of debt management programs, and in such advertising, NCCS held itself out as a tax-exempt entity; (5) if a person responded to such advertisements, he or she was immediately connected to an employee of Amerix, which operated a phone bank; (6) the potential clients were not informed that they were not speaking with an NCCS employee, but instead were speaking with an employee of a for-profit entity; (7) NCCS paid Amerix 70% of its revenues, such revenues consisting of payments from creditors of persons enrolling in NCCS's debt management plans and "contributions" of persons enrolling in such plans; (8) NCCS sought to have at least 20% of callers enroll in its debt management plans; (9) NCCS permitted Amerix to market non-NCCS products and services to persons who enrolled in NCCS's debt management plans, for which NCCS would receive a portion of the revenue; (10) the failure to enroll a certain percentage of callers in NCCS's debt management plans or to realize sufficient revenue from persons enrolled in debt management plans could result in default under NCCS's contract with Amerix; and (11) Amerix was founded by the founder of NCCS and dozens of NCCS employees transferred to Amerix upon its founding or shortly thereafter. (Weir Decl. ¶ 8.)

      b.     General factual discovery

The United States seeks additional general discovery that is reasonably related to lead to admissible and relevant information. The United States intends to enforce its interrogatories and requests for the production of documents issued to NCCS. (Id. ¶ 10, 12.) Numerous depositions are required before the United States can adequately respond to NCCS's motion for partial summary judgment. These depositions include: 30(b)(6) depositions of NCCS, Amerix and American Financial Solutions, Inc., depositions of Etta Money, Louis Noppenberger, former

Amerix employees, the head of the Association of Independent Consumer Credit Counseling Agencies and Preston Duppins.  (Id. ¶¶ 15-24.)  These depositions will be conducted after the United States receives access to the document production and interrogatories responses detailed above.

**Argument**

The United States has not had the opportunity to complete discovery regarding information germane to NCCS's motion for partial summary judgment.  (See Weir Decl. ¶¶ 2, 5.)  Indeed, the parties filed a joint motion seeking an extension of the discovery schedule merely two days prior to plaintiff's filing of its motion for partial summary judgment.

NCCS's motion claims that the Service's retroactive revocation of its tax exemption was improper.  This analysis is factually intensive and is reviewed on an abuse of discretion standard.  *See Variety Club Tent No. 6 Charities, Inc. v. Commissioner of Internal Revenue*, T.C. Memo. 1997-575 at *18 (U.S. Tax. Ct. Dec. 31, 1997).  The taxpayer is "required to clearly show that the Commissioner's action was arbitrary, capricious, or without sound basis in fact."  Id.  The United States seeks extensive additional discovery to show that this standard has not been fulfilled. (Weir Decl. ¶¶  2, 4-25.)

Specifically, the United States has not yet received answers to interrogatories from plaintiff nor has it received documents pursuant to a subpoena *duces tecum* issued to Amerix Corporation.  (Id. ¶ 14.)  The United States has also refrained from conducting depositions prior to receiving the documents from Amerix because of their anticipated significance and to avoid unnecessary litigation costs during potential settlement negotiations. (Id. ¶¶13, 14.)

Finally, the United States has diligently pursued discovery in the matter.  It successfully

enforced the subpoena issued to Amerix, has served three sets of interrogatories and issued two sets of requests for the production of documents to NCCS, and has sought and obtained a resolution from the United States Senate Permanent Subcommittee on Investigation required to review documents the Senate obtained during its investigation. (Id. ¶¶ 10, 14, 25-26.) The parties also filed a joint motion seeking an extension of discovery, which this Court granted, thereby showing that further discovery in this matter is both warranted and required.

Absent such discovery, the United States cannot file a meaningful opposition to NCCS's motion for partial summary judgment. Defendant has, therefore, not yet had a "reasonable opportunity" to complete discovery. *Hudert*, 2007 U.S. Dist. LEXIS 87946 at *16-17; *Anderson*, 477 U.S. at 250 fn. 5. Therefore, plaintiff's motion should be denied.

## Conclusion

The motion should be denied pursuant to Fed. R. Civ. P. 56(f). *See Hudert*, 2007 U.S.Dist. LEXIS 87946 at *16-17; *Anderson*, 477 U.S. at 250 fn. 5; *Patterson*, 2003 U.S. Dist. LEXIS 26726 at *11.

Dated: February 15, 2008                    Respectfully submitted,

 /s/ Lawrence P. Blaskopf
LAWRENCE P. BLASKOPF
BENJAMIN J. WEIR
Trial Attorneys, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Telephone:  (202) 514-9642
                      (202) 307-0855
Fax:           (202) 514-6866
E-mail: Lawrence.P.Blaskopf@usdoj.gov
*Counsel for the United States*

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL CREDIT COUNSELING SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:06cv02028 (RBW) |
| UNITED STATES, | ) ) ) | |
| Defendant. | ) | |

### DECLARATION OF BENJAMIN J. WEIR PURSUANT TO FED. R. CIV. P. 56(f)

I, Benjamin J. Weir, counsel for the defendant in the above captioned matter, declare in support of the United States of America's request for relief pursuant to Fed. R. Civ. P. 56(f) and 28 U.S.C. § 1746 as follows:

1. I am employed as a trial attorney with the Tax Division of the United States Department of Justice. In this capacity I am one of the attorneys that has litigation responsibility for the above captioned case.

2. I have examined the plaintiff's motion for partial summary judgment and have determined that the United States requires additional discovery to present appropriate sworn statements to oppose plaintiff's motion.

3. The plaintiff (NCCS) states in its motion for partial summary judgment that retroactive revocation may is permissible when an "organization omitted or misstated a material fact [or] operated in a manner materially different from that originally represented. . . .". 26 C.F.R. § 601.201(n)(6)(i). NCCS also states it may rely on the Service's determination that it is exempt from federal income tax "so long as there are no substantial changes in the organization's

3055715.1

character, purposes, or methods of operation." 26 C.F.R. § 1.501(a)-1(a)(2).

4.  The United States seeks further discovery to show that NCCS "omitted or misstated a material fact" and/or "operated in a manner materially different from that originally represented," and/or substantially changed its "character, purposes or methods of operation."

5.  The United States believes that further discovery will establish that: (1) NCCS's debt management business was its primary activity during 2000 and 2001; (2) NCCS operated in a manner designed to enroll clients in debt management plans, rather than perform credit counseling services; (3) NCCS failed to perform substantial educational activities on a national level to the general public; and (4) NCCS operations conferred a substantial and impermissible private benefit to Amerix Corporation, a for-profit corporation.

6.  The United States has not yet had an opportunity to complete discovery.

7.  The United States requires further discovery to authenticate documents in its possession either through requests for admission served on the plaintiff or through deposition testimony.

8.  The unauthenticated documents indicate that: (1) NCCS derived more than 90% of its revenues during 2000 and 2001 from offering debt management programs; (2) in excess of 200,000 persons were enrolled in NCCS's debt management programs during this period; (3) NCCS and Amerix had a contractual relationship during this time; (4) NCCS advertised for persons to contact it by telephone in connection with its offering of debt management programs. In such advertising, NCCS held itself out as a tax-exempt entity; (5) if a person responded to such advertisements, he or she was immediately connected to an employee of Amerix, which operated a phone bank; (6) the potential clients were not informed that they were not speaking

with an NCCS employee, but rather were speaking with an employee of a for-profit entity; (7) NCCS paid Amerix 70% of its revenues. Such revenues consisted of payments from creditors of persons enrolling in NCCS's debt management plans and "contributions" of persons enrolling in such plans; (8) NCCS sought to have at least 20% of callers enroll in its debt management plans; (9) NCCS permitted Amerix to market non-NCCS products and services to persons who enrolled in NCCS's debt management plans, for which NCCS would receive a portion of the revenue; (10) the failure to enroll a certain percentage of callers in NCCS's debt management plans or to realize sufficient revenue from persons enrolled in debt management plans could result in default under NCCS's contract with Amerix; and (11) Amerix was founded by the founder of NCCS and dozens of NCCS employees transferred to Amerix upon its founding or shortly thereafter.

9. Such facts would indicate that NCCS substantially changed its methods of operation from what it reported when it sought tax-exempt status.

10. The United States additionally intends to enforce discovery it has served on the plaintiff, but to which plaintiff has not responded.

    a. On August 16, 2007, the United States served its second set of interrogatories to plaintiff. To date, plaintiff has not responded to these interrogatories. Such interrogatories seek, *inter alia*, the criteria plaintiff used to determine whether a debt management plan was suitable for a potential client and whether or not the criteria used changed during the relevant period;

    b. On August 29, 2007, the United States served its third set of interrogatories to plaintiff. To date, plaintiff has not responded to these

3055715.1

interrogatories. These interrogatories seek, *inter alia,* the following information: (1) the percentage of debt management plan enrollees that successfully completed their plans; (2) the amount of money plaintiff turned over to creditors of persons enrolled in the plaintiff's debt management plans;

11. Such information is relevant as to whether plaintiff was offering an educational service through its offering debt management plans or was merely selling a financial product. It is also relevant as to whether the plaintiff was conferring a benefit on a private party.

12. The plaintiff has also not produced any electronically stored information in response to the United States' two requests for production of documents. Once authenticated, such documents may be relevant.

13. The United States has not heretofore sought enforcement of the discovery referred to in paragraphs 10 & 12 because, as the parties reported to the court, they had been involved in settlement discussions and informally agreed to suspend discovery during the pendency of such discussions.

14. The United States is additionally seeking documents from Amerix Corporation pursuant to a subpoena *duces tecum* which the District of Maryland has recently ordered enforced. The subpoena seeks documents directly related to the factual issues raised in plaintiff's motion for partial summary judgment and are, therefore, material to the United States' opposition to this motion. Further, the United States believes these documents will be material to its defense and intends to refrain from taking certain depositions until they are received and reviewed.

15. The United States intends to depose Louis Noppenberger, author of the Arthur Anderson study referred to in paragraph 13 of the Affidavit of Etta Money. This deposition is relevant to authenticate the various Arthur Anderson letters and reports and to determine the limitations placed on Arthur Anderson's analysis. Specifically, NCCS required a call center to enroll at least 20% of all callers in NCCS's debt management plans.

16. The United States intends to conduct a 30(b)(6) deposition of NCCS. This is relevant to authenticate documents, determine the scope of the NCCS-Amerix relationship and learn the various claimed educational, credit counseling and debt management plan activities of NCCS.

17. The United States intends to depose NCCS's affiant Etta Money. The Money Affidavit asserts that NCCS's activities were not substantially different from those contained on their application for tax exempt status and that NCCS's relationship with Amerix was "fully disclosed" to the Internal Revenue Service. (Money Decl. ¶¶ 15, 17, 20, 23, 25, 27). The United States seeks to question her regarding such assertions.

18. The United States intends to conduct a 30(b)(6) deposition of Amerix Corporation concerning its contractual relationship with NCCS and any role Amerix or its officers had in NCCS's sale of debt management plans in 2001.

19. If identities can be determined, the United States intends to depose former Amerix employees who worked in phone banks servicing persons who called regarding NCCS's debt management plans. These depositions would be used to establish that Amerix sought to enroll as many potential clients in debt management plans as possible and that the services provided were not educational in nature.

20. The United States intends to conduct a 30(b)(6) deposition of American Financial Solutions, Inc. AFS purchased NCCS's entire debt management plan portfolio in 2001.

21. The United States intends to depose the head of the Association of Independent Consumer Credit Counseling Agencies. The United States understands that NCCS was a member of this trade group.

22. The United States intends to depose Preston Duppins, former Vice President of Operation of Amerix.

23. The United States intends to depose Stacy Ness, who was previously enrolled in a NCCS debt management plan.

24. The United States also intends to depose any additional persons who may have materially relevant information who become known during the discovery process.

25. In addition, the United States has already conducted informal discovery. Specifically, regarding documents obtained by the United States' Senate Permanent Subcommittee on Investigations during it investigation of the credit counseling industry.

26. The Department of Justice was initially not eligible to review these documents pursuant to various Senate privacy rules. Therefore, the Department of Justice sought, and obtained, a resolution from the Permanent Subcommittee on Investigations providing access to the documents. Once the resolution was obtained, Larry Blaskopf and Benjamin Weir reviewed the documents in the office of the Permanent Subcommittee.

27. The United States believes the foregoing discovery will be sufficient to establish that NCCS: (1) omitted or misstated material facts from its application for tax exempt status and Form 990 by failing to disclose that its activities were geared towards enrolling potential clients

in its debt management plans, failing to perform the educational activities that it claimed, and failing to disclose the extent of its relationship with Amerix; and/or (2) operated in a manner materially different from that stated in its application by operating to confer an impermissible private benefit to a for-profit entity; and/or (3) there were substantial changes in NCCS's character, purposes or methods of operations.

    I declare under penalty of perjury that the foregoing is true and correct. Executed on February 15, 2008.

                                                  */s/ Benjamin J. Weir*
                                                  BENJAMIN J. WEIR
                                                  Washington, District of Columbia

CERTIFICATE OF SERVICE

I, Lawrence Blaskopf, certify that on February 15, 2008, I caused a true and correct copy of the foregoing motion for further discovery, the memorandum of law in support thereof and the declaration of Benjamin J. Weir to be served on the following via the Court's ECF service protocol:

>Gary Posner
>Whiteford, Taylor & Preston LLP
>7 Saint Paul St.
>Baltimore, MD 21202-1626
>email: gposner@wtplaw.com.

>/s/ Lawrence Blaskopf
>LAWRENCE BLASKOPF

3061886.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL CREDIT COUNSELING SERVICES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 1:06cv02028 (RBW) |
| UNITED STATES, | ) ) ) |
| Defendant. | ) |

## **ORDER**

Having considered the United States of America's motion seeking further discovery, the memorandum of law in support thereof and the declaration of Benjamin Weir, and for good cause shown, it is:

ORDERED that Defendant's motion for further discovery is GRANTED; and

ORDERED that Plaintiff's motion for partial summary judgment is DENIED.

_____
UNITED STATES DISTRICT JUDGE

3059701.1