IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL CREDIT COUNSELING  \*
SERVICES, INC.

    Plaintiff  \*

v.  \* Civil Action No: 1:06 CV 02028 RBW

UNITED STATES OF AMERICA  \*

    Defendant  \*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
UNITED STATES' MOTION FOR FURTHER DISCOVERY**

Plaintiff, National Credit Counseling Services, Inc. (alternatively, "NCCS" or "Plaintiff"), by its undersigned counsel, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure and Local Rule LCvR 7(b), hereby submits this Memorandum in Opposition to United States' Motion for Further Discovery (the "Opposition Memorandum") and states as follows:

**PROCEDURAL HISTORY**

The United States Internal Revenue Service ("IRS") conducted an examination of Plaintiff's Forms 990, Return of Organization Exempt from Income Tax, for the tax years 2000 through 2002. As a result of this examination, the IRS proposed that Plaintiff's tax-exempt status be revoked, and that such revocation be applied retroactively to January 1, 2000. The IRS communicated its proposed revocation of Plaintiff's tax-exempt status in a letter dated January 15, 2005 (the "30 Day Letter")

In response to the 30 Day Letter, on March 14, 2005, Plaintiff submitted a protest to the IRS's proposed revocation, which protest contained an extensive analysis of the facts and

applicable law and an explanation as to why the IRS's retroactive revocation was improper (the "Protest").

In response to the Protest, on September 5, 2006, the IRS Appeals Division sustained the proposed revocation of Plaintiff's tax-exempt status applied retroactively to January 1, 2000 (the "Final Determination Letter").

Thereafter, Plaintiff initiated the instant action for Declaratory Judgment under Section 7428 of the Internal Revenue Code of 1986, as amended (the "Code") and, on February 1, 2008, Plaintiff filed a Motion for Partial Summary Judgment (including a Memorandum in Support of Motion for Partial Summary Judgment) seeking a judgment that the retroactive application of the IRS's revocation of Plaintiff's tax-exempt status is an improper abuse of the IRS's discretion (collectively, the "Summary Judgment Motion").

On February 15, 2008, the United States of America (alternatively, "USA" or "Defendant") filed United States' Motion for Further Discovery, including a Memorandum in Support thereof (collectively, the "Discovery Motion")[Docket No. 26], purportedly pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. This Opposition Memorandum presents Plaintiff's response to the Discovery Motion.

## ARGUMENT

In order for a court to deny, or defer ruling upon, a motion for summary judgment, under Rule 56(f) of the Federal Rules of Civil Procedure, the party opposing a motion for summary judgment must "adequately explain why, at that timepoint, it cannot present by affidavit facts needed to defeat the motion." *Strang v. United States Arms Control & Disarmament Agency*, 864 F.2d 859, 861 (D.C. Cir. 1989)(affirming district court's refusal to grant a continuance for party opposing summary judgment motion to conduct discovery). The *Strang* court denied Rule

56(f) motion precisely because the party opposing the motion for summary judgment "never stated concretely why she could not, absent discovery, present by affidavit facts essential to justify her opposition to [the movant's] summary judgment motion." *Id.*

More recently, this Court, following *Strang,* declined to grant a continuance to conduct discovery to a party seeking to defer a ruling on summary judgment. *Dunning v. Quander*, 468 F. Supp.2d 23, 27-28 n. 5 (D.D.C. 2006) (Leon, J.), *aff'd,* 508 F.3d 8 (D.C. Cir. 2007) (*per curiam*). The Court explained, "A proper 56(f) declaration would have asserted the declarant's personal knowledge . . . and would have recited the reasons why the plaintiff could not adduce admissible evidence of the alleged statements without formal discovery . . . ." *Id.* (quoting *Thomas v. Nat'l Football League Players Ass'n*, No. Civ. A. 04-1337, 2005 WL 3312956 at *3 (D.D.C. Dec. 7, 2005)).

At bar, USA submits the Declaration of Benjamin J. Weir Pursuant to Fed. R. Civ. P. 56(f) (the "Weir Decl.") [Docket No. 26-3], which sets forth the discovery USA wishes to pursue. The Weir Decl., however, fails to provide the fundamental piece of information perquisite to deferring ruling on a motion for summary judgment—a statement as to why the discovery is needed to oppose the NCCS's Motion for Partial Summary Judgment on the issue of retroactivity, when USA necessarily had all of the facts upon which it revoked NCCS's tax exempt status, ***prior*** to the revocation.

Defendant argues in the Discovery Motion that it has been unable to complete "required" discovery to respond to the Summary Judgment Motion, that it believes that such discovery would create issues of fact sufficient to support denial of the Summary Judgment Motion, and that it has met the requirements of Rule 56(f) of the Federal Rules of Civil Procedure. Disc. Mot. ¶ 1. First, Defendant errs in its assessment; the isolated issue framed by Summary Judgment

Motion—the propriety of retroactive application of the revocation—will not benefit from further discovery.

Initially, Defendant states in the Discovery Motion that the Summary Judgment Motion should be denied "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Disc. Mot. ¶3, citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986). Unfortunately for Defendant, none of the items of further discovery that Defendant enumerates in the Discovery Motion is *essential* to its opposition to the Summary Judgment Motion. Each item of further discovery raised by the Defendant in the Discovery Motion misses the mark in that each relates to the issue of revocation of Plaintiff's tax-exempt status, not the *retroactive application* of such revocation, which is the sole issue raised in the Summary Judgment Motion. Indeed, the Discovery Motion incorporates a misguided argument which Defendant made in its Opposition to Plaintiff's Motion for Summary Judgment. That argument is that before this Court may make a ruling as to the propriety of a retroactive application of a revocation determination by the IRS, it must *first* rule on the propriety of the revocation itself. This argument by Defendant defies logic, and is not supported by any competent authority.

Additionally, while complaining about the need for more information, USA has benefitted from access to the plenary investigative powers of the United States Congress, having received a copy of a report by the United States Senate and, having obtained a subcommittee resolution, access to the documents received by Congress incident to the investigation. Discovery Motion at 4; Weir Decl. at ¶¶ 25-26.

While the instant litigation focuses upon the IRS's decision regarding the revocation of Plaintiff's tax-exempt status and the retroactive application of such revocation, the issue raised in

the Summary Judgment Motion is limited to the propriety regarding the IRS's retroactive application of its revocation of Plaintiff's tax-exempt status which, contrary to the position of Defendant, is not substantially fact-intensive, and each applicable fact must already have been fully considered and analyzed by the IRS when its determination originally was made.[1]

Defendant's sole purpose to conduct discovery in this matter is to show that Plaintiff "'omitted or misstated a material fact' and/or 'operated in a manner materially different from that originally represented' and/or substantially changed its 'character, purposes, or methods of operations.'" Weir Decl. at ¶ 4. All of the factual investigations that the Discovery Motion and Weir Declaration address relate to the propriety of the IRS's revocation of Plaintiff's tax-exempt status, and only one touches, at all, upon the propriety of whether such revocation may be retroactively applied, *i.e.*, whether Plaintiff operated in a manner materially different from that which it represented to the IRS in its original application for tax-exempt status as supplemented by Forms 990 filed by Plaintiff. The facts regarding Plaintiff's methods of operation, however, are undisputed, as are the representations to the IRS contained in Plaintiffs original application for tax-exempt status and the disclosures contained in its Forms 990. Defendant already possesses these items. Therefore, no additional discovery is necessary for Defendant to oppose the Summary Judgment Motion. At best, Defendant wants discovery to contravene its own statements made in the course of its own investigation. This Court should not countenance such flawed pretext as a basis for USA to defer a ruling on the Summary Judgment Motion.

---

[1] Given that Defendant has complete access to the facts and analytical process regarding the IRS's decision to revoke retroactively Plaintiff's tax-exempt status, its claimed need for further discovery only bolsters Plaintiff's assertion that the IRS acted in an arbitrary, unreasonable, and invalid manner in deciding to revoke (retroactively or otherwise) Plaintiff's tax-exempt status, thereby constituting an abuse of discretion.

## CONCLUSION

In light of the foregoing, the Court should enter an order denying Defendant's Motion for Further Discovery and granting such other and further relief as this Court deems just and proper under the circumstances.

/s/ Gary S. Posner_____
Gary S. Posner  (Bar I.D. No. MD05863)
Whiteford, Taylor & Preston L.L.P.
7 Saint Paul Street
Baltimore, Maryland  21202-1626
Tel (410) 347-8700
Fax (410) 752-7092
*E-mail*: gposner@wtplaw.com


/s/ Jonathan Z. May_____
Jonathan Z. May (Bar I.D. No. 495031)
Robert D. Earle (Bar I.D. No. 449012)
Whiteford, Taylor & Preston L.L.P.
50  Corporate Center
10500 Little Patuxent Parkway, Ste. 750
Columbia, Maryland 21044-3585
Tel (410) 884-0700
Fax (410) 884-2451
*E-mail:*  jmay@wtplaw.com

Attorneys for Plaintiff,
   National Credit Counseling Services, Inc.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 25th day of February, 2008, a copy of the foregoing Memorandum in Opposition to United States' Motion for Further Discovery was sent electronically, via the Court's ECF System, and via first class United States mail, postage prepaid, to:

> Lawrence P. Blaskopf
> Benjamin J. Weir
> Civil Trial Section, Eastern Region
> U.S. Department of Justice, Tax Division
> P.O. Box 227
> Washington, D.C.  20044

> /s/Gary S. Posner_____
> Gary S. Posner

1779156

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL CREDIT COUNSELING SERVICES, INC. | * |
| Plaintiff | * |
| v. | * Civil Action No: 1:06 CV 02028 RBW |
| UNITED STATES OF AMERICA | * |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \*

### ORDER DENYING DEFENDANT'S MOTION FOR FURTHER DISCOVERY

Upon consideration of Defendant United States of America's Motion for Further Discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure (the "Motion"), all opposition thereto, having heard argument of counsel and being fully advised, it is this _____ day of _____, 2008, by the United States District Court for the District of Columbia

**ORDERED**, that the Motion be, and the same hereby is, **DENIED**.

_____
Reggie Walton
United States District Judge

cc:   Gary S. Posner
      Whiteford, Taylor & Preston L.L.P.
      Seven Saint Paul St., Suite 1500
      Baltimore, Md. 21202-1626

Jonathan Z. May
Robert D. Earle
Whiteford, Taylor & Preston L.L.P.
50 Corporate Center
10500 Little Patuxent Parkway, Ste. 750
Columbia, Md. 21044-3585

Lawrence P. Blaskopf
Benjamin J. Weir
Trial Attorneys, Tax Division
U.S. Department of Justice
P. O. Box 227
Washington, D. C. 20044

1779261