IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL CREDIT COUNSELING SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:06cv02028 (RBW) |
| UNITED STATES, | ) ) ) | |
| Defendant. | ) | |

**REPLY MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION FOR FURTHER DISCOVERY**

This is an action in which plaintiff seeks judicial review of the Internal Revenue Service's

retroactive revocation of plaintiff's qualification for tax-exempt status.  On February 15, 2008,

the United States filed a fully supported motion for further discovery under Fed. R. Civ. P. 56(f).

Plaintiff opposed the motion.  This reply brief is addressed only to those points raised in

plaintiff's opposition that warrant a response:  further discovery is required to (1) authenticate

various documents that the United States would intend to use in its opposition to plaintiff's

motion for partial summary judgment and (2) to adduce additional evidence bearing on whether

retroactive revocation was appropriate.  With respect to those points not discussed herein,

defendant United States relies upon its memorandum in support of the motion for further

discovery.

### I.    Plaintiff incorrectly asserts that further discovery is unwarranted or improper

Plaintiff asserts that the United States does not need further discovery because it

"necessarily had all of the facts upon which it revoked NCCS's tax exempt status. . . ."  (Pl.'s

3101133.2

Opp'n 3.)  This assertion fails for two reasons.  First, the standard of review is *de novo* and the

United States is not limited to the documents it had in its possession at the time the revocation

was effected.  See Freedom Church of Revelation v. United States, 588 F. Supp. 693, 695

(D.D.C. 1984).   Second, the United States requires additional discovery to authenticate

documents and to establish various facts, discussed *infra*.  (Weir Decl. ¶ 8.)  The documents, in

their unauthenticated state, are not admissible at this time and depositions and requests for

admissions are required so that the United States may use the documents in its opposition to

plaintiff's motion for partial summary judgment.1/

II.    **The United States requires further discovery that is directly related to the issue of retroactive revocation**

Plaintiff claims that its motion for partial summary judgment "is not substantially fact-

intensive" and that the United States seeks further discovery only in regards to "the propriety of

the IRS's revocation of the Plaintiff's tax-exempt status. . . ." (Pl.'s Opp'n Br. 5.)   These claims

are unfounded.

The United States seeks further discovery to show "that NCCS:  (1) omitted or misstated

material facts from its application for tax exempt status and Form 990 by failing to disclose that

its activities were geared towards enrolling potential clients in its debt management plans, failing

to perform the education activities that it claimed, and failing to disclose the extent of its

relationship with Amerix, and/or (2) operated in a manner materially different from that stated in

its application by operating to confer an impermissible private benefit to a for-profit entity. . . ."

(Weir Decl. ¶ 27.)  Indeed, both the documents the United States seeks to authenticate and the

---

1/The parties have not stipulated to the authenticity of any documents at issue in this
case.

3101133.2

additional discovery it seeks to conduct are directly related to the standard for whether

retroactive revocation is appropriate.  (See Pl.'s Mot. Summ. J. 11) (stating standards for

retroactive revocation).

The United States believes that further discovery will show that plaintiff "'omitted or

misstated a material fact' and/or 'operated in a manner materially different from that originally

represented.'"  (Weir Decl. ¶ 4.)  The discovery sought is material to, and designed for,

determining whether these standards have been fulfilled.  Specifically, the United States seeks to

show that:

(1) NCCS's primary activity during 2000 and 2001 was enrolling people

in lucrative debt management plans, which directly contravenes its reported

mission of providing debt management plans only to those for which budgeting

counseling was insufficient.  Since filing its motion seeking further discovery, the

United States has deposed Stacey Ness.  Ms. Ness testified that she received no

budget counseling during her phone calls with plaintiff.2/  Facts showing NCCS's

primary intent was to enroll clients in debt management plans, rather than perform

budget counseling, will be further established by authenticating documents that

_____

2/The United States deposed Stacy Ness on February 19, 2008.  Ness testified that she
enrolled in a NCCS debt management plan and that no budgeting or educational services were
provided to her when she spoke to plaintiff's representatives.  Text of the unofficial transcript
reads:
    Q: Do you have a recollection one way or the other as to whether you spoke about
    concepts of budgeting, or budget?
    A: There was no discussion of budget.
    Q: I am talking the second call now.
    A: No
    Q: And did you talk about budget on the first call?
    A: No.

3101133.2

show that NCCS sought to enroll at least 20% of callers in debt management

plans, received 90% of its revenues in 2000 and 2001 from debt management

plans, that NCCS enrolled over 200,000 persons in such plans, and by deposing

former Amerix phone bank employees and debt management plan participants.

(Weir Decl. ¶¶ 8, 19, 23, 27.);

  (2) NCCS failed to perform substantial educational activities on a national

level to the general public, thereby operating materially different from that

originally represented.  This will be established via a rule 30(b)(6) deposition of

NCCS, examining former Amerix call center employees and authenticating

documents regarding NCCS's advertising (Weir Decl. ¶ 8, 16, 19.);

  (3) NCCS operated in a manner designed to provide an impermissible

private benefit to Amerix Corporation, a for-profit entity, by paying Amerix 70%

of its revenues, thereby operating in a manner materially different from that

originally represented.  This will be shown by establishing that Amerix did not

disclose to NCCS's clients that they were speaking to a representative from

Amerix, rather than the non-profit NCCS, by NCCS allowing Amerix to cross

market products to NCCS debt management plan participants, and by

authenticating the contract between Amerix and NCCS, which had a provision

whereby NCCS would be in default if a certain percentage of callers did not

enroll in debt management plans. (Weir Decl. ¶¶ 8.)  Pursuant to this contract,

70% of the revenues from the debt management plans went to Amerix.  (Id.);

3101133.2

(4) NCCS permitted Amerix to cross-market products to NCCS's debt

management plan participants in exchange for a percentage of Amerix's profit

(Weir Decl. ¶ 8).  This for-profit undertaking was never reported to the Service

and constitutes a material omission;

(5) Amerix was founded by the founder of NCCS and dozens of NCCS

employees transferred to Amerix upon its founding or shortly thereafter (Weir

Decl. ¶ 8).  This will show that NCCS operated for the private benefit of Amerix,

rather than its clients and, therefore, NCCS operated in a manner materially

different than originally represented;

Discovery is, put simply, still in its infancy in this case.  Two days before NCCS filed its

motion for partial summary judgment, the parties jointly moved for an extension of the discovery

schedule.  The United States has not yet received responses from NCCS to the second and third

sets of interrogatories that it served or received electronically stored information in response to

its two sets of requests for production.  (Weir Decl. ¶¶ 10, 12.)   The United States has not

received documents from Amerix Corporation pursuant to a subpoena *duces tecum* that the

District of Maryland recently enforced.  (Id. ¶ 14.)  The United States has also refrained from

taking depositions while settlement negotiations were undertaken.  (Id. ¶ 13.)

All of the foregoing discovery efforts are materially relevant to oppose NCCS's motion

for partial summary judgment regarding the issue of retroactivity.

3101133.2

### III.   The United States has fulfilled the legal standards for additional discovery pursuant to Fed. R. Civ. P. 56(f)

The forgoing discovery is "germane" to the pending motion for partial summary judgment because it relates directly to whether the standards for retroactive revocation have been met.  See Patterson v. Whitman, No. 02-cv-2213, 2003 U.S. Dist. LEXIS 26726 at *11 (D.D.C. June 9, 2003) (citing Wichita Falls Office Assoc. v. Banc One Corp., 978 F.2d 915 (5th Cir. 1993).  The United States has not yet had an opportunity to complete this discovery.  (Weir Decl. ¶ 2, 6, 13, 14.)  It has been "long recognized" that "an insufficient time or opportunity to engage in discovery is cause to defer decision on the motion."  Hudert v. Alion Science & Tech Corp., No. 05-545, 2007 U.S. Dist. LEXIS 87946 at 16-17 (D.D.C. Nov. 30, 2007) (J. Walton).

The United States has diligently pursued discovery formally and informally by issuing interrogatories and requesting production of documents from plaintiff, prosecuted a motion to compel against Amerix Corporation in the District of Maryland, and by obtaining a resolution from the Senate allowing access to investigatory documents.  (Weir Decl.  ¶¶ 10, 14, 25-26.) The United States' motion for further discovery should, therefore, "be granted as a matter of course" because it has not failed to diligently pursue discovery.  Patterson, 2003 U.S. Dist. LEXIS 26726 at *12.

### Conclusion

The United States motion for further discovery should be granted and NCCS's motion for partial summary judgment should be denied.  The United States requires additional time to authentic documents, seeks discovery materially related to factual issues surrounding the retroactive revocation of NCCS's tax exempt status, and the United States has not yet had a reasonable opportunity to complete discovery in this matter.

3101133.2

Dated: March 5, 2008                                 Respectfully submitted,

 /s/ Benjamin J. Weir       
LAWRENCE P. BLASKOPF
BENJAMIN J. WEIR
Trial Attorneys, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Telephone:  (202) 514-9642
              (202) 307-0855
Fax:        (202) 514-6866
E-mail: Lawrence.P.Blaskopf@usdoj.gov
*Counsel for the United States*

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

3101133.2

CERTIFICATE OF SERVICE

I, Benjamin J. Weir, certify that on March 5, 2008, I caused a true and correct copy of the

foregoing reply brief in support of the United States' motion for further discovery to be served

on the following via the Court's ECF service protocol:

> Gary Posner
> Whiteford, Taylor & Preston LLP
> 7 Saint Paul St.
> Baltimore, MD 21202-1626
> email:  gposner@wtplaw.com.
>
> Jonathan Zwolle May
> Robert Dennis Earle
> Whiteford, Taylor & Preston LLP
> 50 Corporate Center
> 10500 Little Patuxent Pkwy
> Suite 750
> Columbia, MD 21044
> email:  jmay@wtplaw.com
>          rearle@wtplaw.com

/s/ Benjamin J. Weir
BENJAMIN J. WEIR

3101133.2