IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

NATIONAL CREDIT COUNSELING                )
SERVICES, INC.                            )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )        No. 1:06cv02028 (RBW)
                                          )
UNITED STATES OF AMERICA                  )
                                          )
            Defendant.                    )

**JOINT MOTION TO CONCLUDE LIMITED DISCOVERY AFTER
DISCOVERY DEADLINE AND STATEMENT OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF**

The parties jointly move the court to extend the discovery period in the above-captioned

case so that two discovery issues may be considered.

In Support Thereof the parties offer the following points and authorities:

**BACKGROUND**

1.      By order entered on February 5, 2008 [Docket No. 25], this Court established a

discovery deadlline of July 3, 2008 (the "Discovery Deadline"). The parties have engaged in

paper discovery and depositions. Generally, as discovery disputes have arisen, counsel for the

parties have met and worked to resolve all disputes. Most recently, however, three issues have

arisen that would require, even if resolved, discovery to be concluded after the Discovery

Deadline. The first relates to depositions the Plaintiff took of three Internal Revenue Service

revenue agents; the second relates to objections interposed by the United States to paper

discovery requests served by National Credit Counseling Services, Inc. ("NCCS" or "Plaintiff")

and the third relates to deposition transcripts that the United States has requested the Plaintiff to

produce.

2.      THE DEPOSITIONS OF REVENUE AGENTS:    On June 23 and June 24, 2008, in the Southern District of Florida, NCCS took the depositions of three Internal Revenue Service revenue agents: Eric Thomas, George Poskitt and Duncan Waggoner, pursuant to subpoenas issued in the name of the United States District Court for the Southern District of Florida.  The parties' counsel await the transcripts from those depositions.

At these depositions, counsel for the United States interposed objections to questions asked by Plaintiff's counsel and specifically instructed the deponents not to answer a number of questions.  Counsel for the United States asserted privileges and limitations posed by Treasury Department regulations and 26 U.S.C §6103.  Plaintiff's counsel took exception to these assertions and instructions not to answer.  Plaintiff will make final determinations of which assertions and instructions to challenge once the transcripts are made available.

3.    THE PAPER DISCOVERY DISPUTE:  On June 30, 2008, NCCS received responses (collectively, the "Paper Discovery Responses") to NCCS's Second Set of Request for Admissions, Second Set of Requests for Production of Documents and Second Set of Interrogatories (collectively, the "Paper Discovery").  United States objected to each of the requests within the Paper Discovery. NCCS is evaluating the possibility of pursuing a motion to compel substantive responses and the opportunity to explore the objections with the United States' counsel.

4.      THE DEPOSITION TRANSCRIPTS: The plaintiff is a party in another proceeding. Depositions have been taken in that proceeding, and the United States has requested that the plaintiff produce the transcripts of several of those depositions.  The plaintiff has objected to

3409186.1

producing such transcripts on the basis that such testimony is confidential, and at least one other party to this other proceeding has objected to the production of such transcripts to the United States. The United States and NCCS have discussed submitting a proposed order to this Court that would address the concerns of the plaintiff and other parties to the other proceeding and would enable the government to receive the transcripts of the depositions.

5.     NEED FOR RELIEF: It will not be possible to resolve each of the aforementioned matters prior to the July 3, 2008 discovery deadline. Fed. R. Civ. P. 6(b) provides that time periods may be extended "for good cause." Here, there is good cause for the factual discovery period to remain open for the limited purpose of achieving the resolution of the aforementioned unresolved issues.

WHEREFORE the parties request this Court enter an order that: 1) grants this motion; 2) authorizes the parties to conclude limited discovery after the current discovery deadline of July 3, 2008; and more particularly: a) allow for resolution in the Southern District of Florida of the instructions of United States' counsel to the Internal Revenue Service revenue agents not to respond to a number of questions NCCS's counsel propounded and to conclude such depositions if the relief is sought and granted; b) provide an opportunity for NCCS to consider whether to seek to compel substantive responses to its Paper Discovery; and c) enable the parties and non-parties to this litigation to determine whether they can agree on the conditions for allowing for

3409186.1

the requested deposition transcripts to be turned over to the United States; and 3) grant such

other and further relief as this Court deems just and proper.

Respectfully submitted,


/s/Gary s. Posner                                                       /s/ Lawrence P. Blaskopf
GARY S. POSNER (MD05863)             LAWRENCE P. BLASKOPF (Bar ID 2045854)
Whiteford, Taylor & Preston                 BENJAMIN J. WEIR (Bar ID 494045)
Seven St. Paul St., Suite 1500             Trial Attorneys, Tax Division
Baltimore, Md. 21202-1626                U. S. Department of Justice
Tel. No. (410) 347-8700                    P. O. Box 227
Fax No. (410) 752-7092                    Washington, D. C. 20044
E-mail: gposner@wtplaw.com             Tel. Nos. (202) 514-9642
                                                    (202) 307-0855
                                Fax No.  (202) 514-6866
                                E-mail: Lawrence.P.Blaskopf@usdoj.gov

                                Attorneys for Defendant


/s/Jonathan Z. May
JONATHAN Z. MAY (Bar ID 495031)
ROBERT D. EARLE (Bar ID 449012)
Whiteford, Taylor & Preston
50 Corporate Center
10500 Little Patuxent Parkway, Ste. 750
Columbia, Md. 21044-3585
Tel. No. (410) 884-0700
Fax No. 884-2451
E-mail: jmay@wtplaw.com

Attorneys for Plaintiff

3409186.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL CREDIT COUNSELING SERVICES, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:06cv02028 (RBW) |
| UNITED STATES OF AMERICA | ) ) ) | |
| Defendant. | ) | |

**ORDER**

Upon consideration of the parties' Joint Motion to Extend the Factual Discovery Period for Limited Purposes,

It Is ORDERED:

1. The parties' joint motion is GRANTED; and

2. The parties are authorized to conclude limited discovery and more particularly, (a) so as to allow for the resolution in the Southern District of Florida of the instructions of United States' counsel to the Internal Revenue Service revenue agents not to respond to a number of questions NCCS's counsel propounded and to conclude such depositions if the relief is sought and granted; b) so as to provide an opportunity for NCCS to consider whether to seek to compel substantive responses to its Paper Discovery; and c) so as to enable the parties and non-parties to this litigation (parties to the other proceeding in which the plaintiff also is a party) to

determine whether they can agree on the conditions for allowing for the requested deposition

transcripts to be turned over to the United States, and if not to enable the United States to seek to

enforce its request for such transcripts.


_____                    _____
        Date                                              REGGIE B. WALTON
                                                       United States District Judge

3407101.1