IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

NATIONAL CREDIT COUNSELING )
SERVICES, INC., )
                                       )
             Plaintiff, )
                                       )
v. )      No. 1:06cv02028 (RBW)
                                       )
UNITED STATES, )
                                       )
             Defendant. )

**ORDER GRANTING JOINT MOTION FOR CONFIDENTIALITY ORDER**

Upon consideration of the parties' Joint Motion for Confidentiality Order, it is this 2nd day of Sept., 2008, by the United States District Court for the District of Columbia, hereby ORDERED

1.     This Order governs the disclosure of transcripts of deposition testimony, including exhibits thereto, of Robert Barrett, Etta Money, Rebecca Stiehl, Bernaldo Dancel, Michael Croxson, Jackie Bartley, Stephen Fragapane, and John Mill. Mr. Barrett, Ms. Money, and Ms. Stiehl who are or were employees of the plaintiff whereas Mr. Dancel, Mr. Croxson, Ms. Bartley, Mr. Fragapane, and Mr. Mill are employees of Ascend One Corporation or its subsidiary, Amerix Corporation, both of which are third parties with no interest in this litigation. The depositions of the foregoing individuals were taken in an unrelated arbitration proceeding, ("the arbitration proceeding"). The plaintiff, Ascend One Corporation, and Amerix Corporation are all parties to the arbitration proceeding.

2.     During the course of discovery in the above-captioned case, the United States requested the plaintiff to produce copies of transcripts of deposition testimony, including exhibits

1

thereto, of Robert Barrett, Etta Money, Rebecca Stiehl, Bernaldo Dancel, Michael Croxson, Jackie Bartley, Stephen Fragapane, and John Mill (collectively "the deposition transcripts").

3. The plaintiff represents that the deposition transcripts and exhibits requested by the United States and/or portions thereof contain confidential information and are therefore subject to a protective order entered by the arbitrator in the arbitration proceeding.

4. To protect and preserve the confidential nature of the deposition transcripts sought by the United States and the privacy of third-party Amerix Corporation as well as any trade secrets, proprietary and otherwise confidential information belonging to Amerix, the plaintiff, with the knowledge and consent of Amerix Corporation, is willing to produce, and the United States is willing to accept, the deposition transcripts subject to the following restrictions:

    a. The deposition transcripts shall be used solely for purposes of this action and shall not be used or disclosed for any other purpose whatsoever.

    b. The deposition transcripts shall be disclosed only to those persons identified in paragraph 5 below and shall not be given, shown, made available or communicated in any way, orally or in writing, to any other person, entity, agency, or party. All persons receiving the documents shall be bound be the terms hereof. If any person violates or threatens to violate any of the terms hereof, the plaintiff or any party to the arbitration proceeding may seek appropriate relief in this Court.

5. The deposition transcripts shall be disclosed only to: i) the parties' counsel; ii) their associated attorneys, paralegals, other professional personnel (including support staff), and employees of the United States Department of Justice and the Internal Revenue Service who are directly assisting in the representation of the parties in this action; iii) the Court; iv) court reporters;

and v) subject to the provisions of paragraph 6, any expert witness or consultant who is being used for the purpose of assisting counsel in this action.

6. Counsel who discloses the deposition transcripts to an expert witness or consultant shall advise the expert witness or consultant: i) of the provisions of this Order; ii) that the documents are subject to this Order; and iii) that the Order applies to the expert witness or consultant. Before disclosing the documents to any expert witness or consultant retained by the party represented by such counsel, counsel shall provide such expert witness or consultant with a copy of this Order, and have such expert witness or consultant sign a Certificate (the "Witness Certificate"), in the form annexed as Exhibit A hereto, acknowledging adherence to the terms of this Order and such witness' or consultant's agreement to be subject to the jurisdiction of this Court with respect to enforcing this Order and punishing any violation of this Order or the Witness Certificate. The United States shall supply a copy of each executed Witness Certificate to the plaintiff and Amerix Corporation by delivering a copy of same by hand or overnight delivery service to the attention of Amerix Corporation c/o Brian L. Moffet, Esquire, Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC, The Garrett Building, 233 East Redwood Street, Baltimore, Maryland 21202-3332 and to National Credit Counseling Services, Inc c/o Gary S. Posner, Esquire, Whiteford, Taylor & Preston L.L.P., Suite 1500, Seven Saint Paul Street, Baltimore, Maryland 21202.

7. All persons who receive the deposition transcripts shall take reasonable steps to safeguard them so as to avoid their disclosure to persons who are not authorized to receive them. If served with a legal demand that a Party or Parties' attorneys or agents are required to disclose to a third party the deposition transcripts or any portions thereof, that Party must give Amerix Corporation and plaintiff fifteen (15) days written notice or such notice as is reasonably practicable

prior to making any such disclosure by delivering a copy of said demand by hand or overnight delivery service to the attention of Amerix Corporation c/o Brian L. Moffet, Esquire, Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC, The Garrett Building, 233 East Redwood Street, Baltimore, Maryland 21202-3332 and to National Credit Counseling Services, Inc c/o Gary S. Posner, Esquire, Whiteford, Taylor & Preston L.L.P., Suite 1500, Seven Saint Paul Street, Baltimore, Maryland 21202.

8. To the extent the deposition transcripts are used in any deposition taken in this case, those portions of the deposition transcript shall automatically be designated as "Confidential" and be subject to this Order.

9. Pursuant to this Order, the deposition transcripts shall be exempt from the Court's ECF filing rules. If documents and material designated as "Confidential" or information derived therefrom is to be included in any papers to be filed in Court, such papers shall be labeled "Confidential" and filed under seal with the Clerk, together with a motion that such documents be sealed by the Court, and kept under seal until further order of the Court.

10. Within 120 days after the conclusion of these proceedings and the exhaustion of all appeals and other remedies, copies of the deposition transcripts shall be a) returned to plaintiff's counsel, or b) destroyed by the parties and their counsel, provided, however, that the parties' counsel must provide a certification to plaintiff's counsel that the deposition transcripts have been destroyed, which certification describes the means and date of such destruction; the United States' counsel may retain copies of all work product, court filings, transcripts, exhibits, and other documents required to be maintained by written Department of Justice record retention policy as necessary for an understanding of the outcome of the case, provided that the documents contained in such retained

material is maintained in accordance with the provisions hereof.

11.    Nothing in this Order shall preclude the Attorney General or his delegates from performing the duties of office as prescribed by 28 U.S.C. §§ 509, 510, 516, 533 and 534. Any Federal or State agency that receives documents protected under this Order shall keep the documents confidential to the extent provided by law.

12.    The signatures of the attorneys of the Parties to the Joint Motion indicate the Parties' intention that they be, and hereby are, bound to the terms of this Order.

Dated: *Sept 2*, 2008.                          */s/ Reggie B. Walton*
                                                United States District Judge